Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of fifty dollars and confinement in jail for five days.

It does not appear that appellant was sentenced. The conviction being for a felony, the law requires that sentence be duly pronounced upon the appellant. In the absence of a sentence this court is without jurisdiction.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Appellant's Motion to Reinstate.

KRUEGER, Judge.

At a former day of this court, this cause was dismissed because of a defective record. The appeal has now been perfected and the cause will be considered on its merits.

The record is before us without a statement of facts or bills of exceptions. The indictment is sufficient to charge the offense and procedural matters appear to be in due order.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## MALONE et al. v. CITY OF PLAINVIEW.
### No. 5005.

Court of Civil Appeals of Texas. Amarillo.
March 20, 1939.

Rehearing Denied April 17, 1939.

Griffin & Morehead, of Plainview, for appellants.

Dan M. Cook, of Plainview, for appellee.

STOKES, Justice.

This is an action for damages to an automobile belonging to appellant, Dr. F. B. Malone, alleged to be the result of a collision between the automobile and a truck belonging to appellee, City of Plainview. Appellant, Texas National Insurance Company, carried a policy of insurance on the automobile and, under the terms of the policy, it paid to Dr. Malone the damages, less $50 deductible under the terms of the policy; took from him an assignment of the cause of action to the extent of the amount paid by it, and the Insurance Company, therefore, joined Dr. Malone as plaintiff in the suit.

The record shows that on the 15th of April, 1936, about nine o'clock A. M., Dr. Malone, with his father as a passenger, was traveling from his home at Lubbock to Amarillo for the purpose of attending a session of the Medical Association. In passing through the city of Plainview, he traversed Columbia Street, which is the principal highway through Plainview from Lubbock to Amarillo. A short distance before reaching Third Street, which cross-es the highway at right angles, S. E. Bolles, an employee of the City Water Department of appellee, emerged from the east on Third Street, intending to turn South on the highway. Dr. Malone was traveling north at the rate of forty-five miles an hour and when he observed the truck approaching the highway from the east, thinking it would stop when it reached the highway, he veered his car to the left so that the left wheels of his car passed over the center of the highway some twenty inches. Instead of stopping at the highway, however, Bolles, the driver of the truck, proceeded to near the center of the highway and then turned to his left. When he made this turn to proceed south, according to his testimony, he saw Dr. Malone approaching from that direction at a high rate of speed and observed he was on the west side of the center of the pavement. Bolles immediately turned his truck sharply to the left. About the same time Dr. Malone veered his car back to his right, and the front end of his automobile came into collision with the front end of the truck at or near the eastern edge of the pavement.

Appellants alleged numerous acts of negligence of the driver of the truck, resulting in alleged damage to the automobile of $428.12, for which they sought recovery, and appellee reconvened for an alleged damage to its truck of $141.53, for which it sought recovery against Dr. Malone. In view of the findings of the jury on the issues submitted by the court, however, it will not be necessary to discuss any of the allegations of negligence except the question of discovered peril, which was not submitted to the jury.

The case was submitted to a jury upon special issues, in answer to which the jury found both parties guilty of negligence and that the negligence of both parties was a proximate cause of the damage which resulted to both vehicles. The court thereupon rendered judgment to the effect that neither party should recover against the other, decreeing the costs against appellants.

Appellants objected to the charge of the court upon the ground that it failed to submit to the jury the question of discovered peril and, the objections being overruled, they requested the court to submit to the jury a number of special issues, asking the jury, in substance, if they found from a preponderance of the evidence that Dr. Malone was in a position of peril just prior

to the collision; whether or not the driver of the truck discovered such peril; whether or not his perilous position was discovered in time to avoid the collision by the exercise of ordinary care; whether or not the driver of the truck failed to exercise ordinary care in using all means at his command, consistent with the safety of himself and the city's property, to avoid the collision, and whether or not such failure, if any, was a proximate cause of the collision. The court refused appellant's request and his action in that regard is assigned as error. While there are other assignments presented in the brief, as we view the record this assignment raises the controlling issue in the case.

The principal issue in most every case of discovered peril is whether or not the perilous position of the injured party is discovered by the person sought to be held responsible for the injury at such time as he could have avoided the injury by the use of the means at hand. The first question necessary to be decided in this case is when Dr. Malone's position first became perilous. If he had remained on the east side of the pavement, under the circumstances as they were afterwards revealed, he would not have been in a perilous condition at any time because it developed that Bolles' original purpose was to remain on the west side of the highway and proceed south. If, therefore, Dr. Malone had remained on the east side, the two vehicles would have passed each other and no collision would have occurred. Bolles testified he did not see Dr. Malone approaching until Bolles turned his truck to the left, preparatory to proceeding south on the west side of the highway. He said that he then discovered Dr. Malone approaching from the south at a high rate of speed and as Dr. Malone's car was over the center of the highway and occupying a position on the west side of the pavement, he, Bolles, thought a head-on collision was imminent. He said, in order to avoid a collision on the west side of the pavement, he immediately pulled his truck sharply to the left in an effort to cross the center of the pavement and reach the east side before the two vehicles met. If Dr. Malone had proceeded at the angle at which his car evidently was traveling when it crossed the center line of the highway, there would have been no collision because, by the time his car reached the truck, the latter would have been on the east side

and Dr. Malone's car would have been on the west side of the pavement. Each party would, therefore, have been in the clear and the collision would not have occurred. Dr. Malone, therefore, was not in a perilous condition at the time Bolles turned his truck sharply to the east. It so happened, however, that about the time Bolles turned his truck to the east, Dr. Malone also veered his automobile back to the east, and we think it is clear from the record that Dr. Malone's perilous position had its inception at the point where he changed his direction and veered his car back to the east side of the pavement. At that time, according to the testimony, he was not more than 200 feet from the truck. His own estimate was less than 100 feet. Bolles was traveling at about ten miles an hour and the evidence shows that it was not more than one or two seconds from the time Dr. Malone veered to the east until the collision occurred.

The rule is well established by the authorities that the doctrine of discovered peril does not arise unless there is an actual discovery by the party inflicting the injury of the perilous position of the person injured and no liability is placed upon him unless the perilous position of the injured person is discovered in time for the person inflicting the injury, by the use of the means available to him, in the exercise of ordinary care, to avoid the injury. Northern Texas Traction Co. v. Singer, Tex.Civ. App., 34 S.W.2d 920; Texas & N. O. R. Co. v. Adams, Tex.Civ.App., 27 S.W.2d 331; Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41; Wichita Falls Traction Co. v. McAbee, Tex.Civ. App., 21 S.W.2d 97; Texas & P. Ry. Co. v. Breadow, et al., 90 Tex. 26, 36 S.W. 410.

Appellants contend that Bolles was guilty of numerous acts of negligence. They argue that Bolles, who testified he looked both ways when he approached the highway, must have observed Dr. Malone approaching from the south and that he, therefore, should have stopped his truck at the edge of the pavement. They also contend he could have crossed the pavement and proceeded in a westerly direction on Third Street and thus have avoided the injury; that he could have signaled his intention to turn to the left; that he could have proceeded south on the highway, and that he could have indicated to Dr. Malone by signal that he intended to turn sharply to the east. From the statement we have

made it will be seen that, if Bolles had done any of these things, they would necessarily have been done prior to the time Dr. Malone veered his car back to the east side of the pavement and prior, therefore, to the time when his perilous position had its inception. It is a matter of no consequence in considering the doctrine of discovered peril whether Bolles was negligent in not sooner discovering the fact that Dr. Malone would likely be cast into a perilous situation. The only question is whether or not Bolles was negligent in acts or omissions after he actually discovered the perilous position of Dr. Malone. This could not have been prior to the time when the period of his peril had its inception. The testimony shows the truck traveled twenty-three feet after Dr. Malone began veering his car to the east. To say that, within the short space of one or two seconds, Bolles could have avoided the accident by making signals as to his purpose or stopping his car and backing it out of Dr. Malone's course or again turning to the right and avoiding the injury, would, in our judgment, be unreasonable. Dr. Malone testified that he had pulled his car over eighteen or twenty inches to the left of the center of the highway and that Bolles, evidently seeing he was in the way, turned to the left, "which might have been his reasonable reaction." Inasmuch as Dr. Malone's car was over the center and partially on the west side of the pavement, coming toward Bolles at a rate of at least forty-five miles an hour, we think Bolles was justified in believing a collision on the west side of the pavement was imminent unless he got his truck out of the way. The time that elapsed between that point and the impact of the two vehicles was so short as, under the circumstances, not to admit of his doing anything with his truck that, in our judgment, would have avoided the collision. In this we do not believe there is room for reasonable minds to differ. The only one of these contentions of appellant that could contain any merit is the assertion that Bolles could have

signaled his intention to turn his truck sharply to the east. According to Dr. Malone's testimony, he saw the truck the instant it was turned to the east. A signal to that effect, therefore, could not have assisted Dr. Malone in any way in ascertaining Bolles' intention. Furthermore, Dr. Malone testified that after he veered his own car to the east he could not turn it back to the west and pass the truck on the west side because he would have hit the bank and turned over in the ditch. There is, therefore, no merit in any of these contentions.

■ The complaint here is that the court erred in refusing to submit special issues upon the question of discovered peril. It is not necessary for the court to submit special issues upon a question about which there is no controversy and with reference to which only one conclusion can be drawn. Traders' & General Ins. Co. v. Line, Tex. Civ.App., 70 S.W.2d 787; Garrett v. State, Tex.Civ.App., 51 S.W.2d 822; Hall v. Weaver, Tex.Civ.App., 101 S.W.2d 1035.

■ Other assignments of error pertain to provisions of the city charter with reference to giving notice of injury within thirty days after the injury has occurred, and to acts and conduct on the part of the city authorities under which it is contended they waived the requirements of the charter in that respect; but the conclusions we have reached with reference to the assignment we have discussed, in our judgment, make it unnecessary to pass upon the remaining assignments. The jury found that Dr. Malone was guilty of contributory negligence which precluded his recovery upon any theory other than that of discovered peril and, as appellants were not entitled to recover upon that or any other theory of the case, the questions raised by the remaining assignments become immaterial.

From what we have said, it is evident that in our opinion, no reversible error is revealed by the record. The judgment of the trial court will, therefore, be affirmed.