## McFADDIN et al. v. OAKWOOD REALTY CO.

### No. 3611.

Court of Civil Appeals of Texas. Beaumont.

April 11, 1940.

Rehearing Denied May 1, 1940.

Sonfield & Taylor and Fahey & Cooper, all of Houston, for appellants.

Strong, Moore & Strong, of Beaumont, for appellee.

O'QUINN, Justice.

This suit, an action in trespass to try title on certain land in Jefferson County, was filed by appellants against appellee, Oakwood Realty Company, and certain other defendants, on the 5th day of January, 1938. Without being served with citation, on the 13th day of January, 1939, appellee filed its answer, and by cross-action prayed for judgment against appellants for title to its interest in the land in controversy. In May, 1939, on agreement with appellants' attorneys, who filed the suit and who at that time represented them, the case was set for trial on the 25th of May, 1939. More than two months before the date thus agreed upon for the trial, these attorneys withdrew from the case, and appellants employed new counsel— the record does not show the date of their employment. The case was called for trial on the day set, and after their motion for continuance was overruled, appellants took a non-suit, and as between them and appellee, the case preceded to trial on appellee's cross-action, and judgment was rendered in its favor for the title to the land put in issue by the cross-action. From the judgment appellants have duly prosecuted their appeal to this court. The only point presented by the appeal is the assignment of error against the judgment of the lower court overruling the motion for continuance.

The motion for continuance was predicated on the ground that appellants' new counsel had not had time after their employment to prepare the case for trial. As stated above, the motion did not give the date that these attorneys were employed; the record shows that appellants had been

notified more than two months before the case was called for trial that their first counsel had withdrawn. A Mr. Fall represented appellants in the employment of the first counsel, in the filing of the suit, and in the employment of the new counsel; the record shows that Mr. Fall was thoroughly acquainted with appellants' title, and was able to have given the new counsel all data essential for the preparation of the case for trial and for the presentation of its defense against appellee's cross-action. The record does not show that any diligence was exercised in securing this essential information from Mr. Fall. Though the first counsel filed the suit, and represented appellants from January, 1938, until they withdrew about March, 1939, the motion contains no statement that the new counsel made any effort to secure any information from the attorneys who filed the suit. On oral argument, the statement was made to the court, that, in fact, no diligence was exercised to get any information from the first counsel. Though the suit was filed on the 5th day of May, 1938, appellee was never served with citation, but made its voluntary appearance on the 13th day of January, 1939. The record offers no explanation for this laches on the part of the appellants in the prosecution of their suit. The record fails to show that appellants made any effort whatever from the day the suit was filed until the day the case was called for trial—more than sixteen months—to prepare the case for trial. On the hearing on the motion for continuance, a distinguished member of the Beaumont Bar testified that he was thoroughly familiar with the record, and that if appellants had brought their case to him, he could have prepared it for trial in three weeks; that appellants' agent who directed the filing of the suit was familiar with all the facts of the case and could have, in three weeks, furnished new counsel with all the essential facts in the case; that he was familiar with the facts and the law of the case and not one of the propositions of law in the case required extended research.

 Motions for continuance as a general proposition, and the case at bar falls within this rule, are addressed to the sound discretion of the trial court, and the exercise of such discretion will not be revised, unless, on an affirmative showing, it has been abused. Hutson v. Cade, Tex.Civ. App., 217 S.W. 438. It is also the law that on appeal, the presumption must be indulged when not rebutted by the facts in the record, that the motion for continuance was properly overruled. Commercial Standard Ins. Co. v. McKnight Chevrolet Co., Tex.Civ.App., 43 S.W.2d 636. On the undisputed facts in this case, appellants exercised no diligence whatever to prepare their case for trial, but, on the contrary, were guilty of inexcusable negligence. The motion for continuance was properly overruled.

Certain of the defendants in the lower court filed no cross-action, and appellants' assignment in no way challenges the judgment in so far as these parties are concerned.

It follows that the judgment of the lower court should be in all things affirmed and it is accordingly so ordered.

Affirmed.