POLLOCK et al. v. WUNTCH et al.

No. 5777.

Court of Civil Appeals of Texas. Texarkana.

May 1, 1941.

Rehearing Denied May 15, 1941.

See, also, Tex.Civ.App., 116 S.W.2d 796.

Baskett & Parks, of Dallas, for appellants.

Norman West, of Henderson, F. W. Fischer, of Tyler, Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, and Weeks, Hankerson & Potter, of Tyler, for appellees.

HALL, Justice.

On October 3, 1935, George Pollock, E. M. Turner, and Gabe McElroy instituted this suit in the District Court of Rusk County against appellee David Wuntch and some forty-odd other persons to try title to 16¼ acres of land, a part of the Francisco Cordova Survey, and lying on the north side of the London and Bunker Hill road. The appellees, who reside in many parts of the United States, answered with plea in bar, general denial, plea of not guilty, and claimed title to the land under the 3, 5 and 10 years' statutes of limitation. They also pleaded that they were innocent purchasers for value. Trial was to the court without a jury, which resulted in a judgment.

"* * * that the Gabe McElroy connected with the title to the property here involved, died on June 29, 1933, and that the plaintiffs here (appellants) have no right, title or interest in and to the property described in their petition in this cause."

"* * * that the plaintiffs (appellants), George D. Pollock, E. M. Turner and Gabe McElroy, take nothing by their suit against the defendants ~(appellees) * * *."

Appellants assign as error the action of the trial court (1) in overruling their motion for continuance; (2) in admitting in evidence certain depositions relating to the death of Gabe McElroy; and (3) overruling their amended motion for new trial. No findings of fact were filed by the trial court and none was requested, and no statement of facts or bills of exception accompany the record. In this situation we are unable to review these alleged errors. It is held in McFaddin v. Oakwood Realty Co., Tex.Civ.App., 139 S.W.2d 636, 637, that "the presumption must be indulged when not rebutted by the facts in the record, that the motion for continuance was properly overruled." This court in Texas & P. R. Co. v. Williams, Tex.Civ. App., 94 S.W.2d 813, writ dismissed, cited with approval the following holding by the San Antonio Court of Civil Appeals in Treadwell v. Borchers, 298 S.W. 75: "* * * The admissibility of this testimony cannot be safely determined, in the absence of a statement of facts. It may have been cumulative of other testimony of like import; it may have been respon-

sive to other testimony adduced by appellant; it may have been admissible by any number of circumstances not disclosed by the record; its admission, even if objectionable, may have been rendered harmless by the state of the case disclosed by other evidence. There is no way to determine these matters in the absence of a statement of facts." See also Williams v. Humble Oil & Refining Co., 139 S.W.2d 346, writ dismissed; Carter v. Kieran, Tex.Civ.App., 115 S.W. 272.

We have examined the record for fundamental error and find that the pleadings amply support the judgment.

The judgment of the lower court is in all things affirmed.