**VINEYARD v. HARVEY.**

No. 6050.

Court of Civil Appeals of Texas.
Amarillo.

May 22, 1950.

Rehearing Denied July 3, 1950.

Walter E. Rogers, Pampa, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce and Cooper & Finney, all of Amarillo, (H. A. Berry, Amarillo, of counsel), for appellee.

LUMPKIN, Justice.

On April 28, 1949, the defendant, George S. Vineyard, entered into an agreement with the Panhandle Roofing Company to repair 1000 square feet of roofing covering the western portion of a building occupied by the Sunshine Dairy. The work required the removal of part of the roofing and the pouring of 2½ inches of gypsum decking. The work began on April 29, 1949, and before the work was completed a heavy rain fell, and water entered the building and soaked a large number of paper milk containers, paper caps and ice cream cartons. Two days later the roof was completed. The defendant's testimony shows that he was present at the time the plaintiff's workmen left the premises on the evening of April 29 and that it was agreeable with him for them to leave, even though it was raining hard at the time. He raised no question as to damage or injury to anything inside the building, and he made no effort to remove the paper containers himself.

This suit was instituted by the plaintiff, W. L. Harvey, d/b/a Panhandle Roofing Company, against the defendant, George S. Vineyard, d/b/a the Sunshine Dairy, to recover for the work done on the roof of the building occupied by the Sunshine Dairy. The plaintiff alleged that at the request of the defendant he removed and rebuilt a section of the roof and that the repair work was done in accordance with specifications contained in a written proposal made by the plaintiff to the defendant and dated April 25, 1949. The plaintiff pleaded that the removal of the old roof required a reasonable expenditure of $43.74 for labor and that the plaintiff rebuilt the roof at a cost of $740; that the defendant promised to pay for the material, work and labor but that he had refused to do so, although demand had been made upon him and he had accepted the repaired roof.

The defendant answered by exceptions, denials, and instituted a cross-action against the plaintiff. He pleaded in his cross-action that plaintiff was acting as an independent contractor; that he undertook to do certain work in connection with repairing the roof of defendant's building; that the plaintiff removed portions of the roof at a time and under circumstances when a person of reasonable prudence would not have done so—at a time when it appeared that there would be a rain storm. The defendant pleaded that the roof was taken off and left in such condition that the inside of the building was exposed to the elements; that while the plaintiff was working on the roof he knew the defendant was operating a business; and that a substantial stock of goods, wares and merchandise was stored in the building and in close proximity to that portion of the roof which was being repaired. The defendant alleged that while the plaintiff was working on the roof, and after he had removed a part of it so that the inside of the building was exposed to the elements, it commenced to rain; that the plaintiff made no arrangement for the protection of the merchandise stored in the building; that the plaintiff withdrew his employees from the work and left the roof in a condition which he knew, or by the exercise of reasonable diligence should have known, would cause the water to seep into the building and destroy the value of the goods, wares and merchandise stored therein; and that the plaintiff made no effort to notify the defendant that no provision had been made to protect the inside of the building. The defendant alleged that such action on the part of the plaintiff was negligence and was the direct and

proximate cause of the injury and damage sustained by him. The defendant asked for damages in the amount of $628.57.

By special exception the plaintiff pointed out that there was nothing in the original agreement which bound him to protect the roof while repairing same, nor were there any allegations in defendant's pleadings charging the plaintiff with any act of negligence in connection with the construction and repair of the roof. At the trial the defendant tendered into court $111.43 which he stated was the difference between the damage sustained by him and the amount the plaintiff was claiming for repairing the roof.

The trial court overruled the plaintiff's exceptions and submitted the case to the jury upon special issues. In answer to the special issues the jury found that the plaintiff in repairing the defendant's roof had not guarded against damage to personal property which might result from rain, that such action was negligence and that such negligence was the proximate cause of the defendant's damages, which amounted to $628.57. In answer to Special Issue No. 5 the jury found that the defendant's failure to keep the containers, bottles and caps from getting wet was negligence, and in answer to Special Issue No. 6 the jury found the defendant's negligence was the proximate cause of the damage done the containers, caps and bottles.

Each party filed and urged a motion for judgment in his favor, the plaintiff's motion being based upon the verdict of the jury and the defendant's motion being in the nature of a motion for a judgment non obstante veredicto. The defendant's motion was overruled and the plaintiff's motion was granted. From the uncontradicted evidence and the admission of counsel in open court, the trial court found that the plaintiff, W. L. Harvey, was entitled to recover $740 for the repairing of defendant's roof and $43.75 for the removal of the old deck and roof. The trial court, therefore, rendered judgment for the plaintiff in the sum of $783.75. The court rendered judgment, based upon the verdict of the jury, that the defendant take

nothing by reason of his cross-action. To this ruling and judgment of the trial court the defendant has duly perfected his appeal to this court.

■ The defendant attacks the court's judgment in three points of error. First, he contends the trial court violated the best evidence rule when the plaintiff was permitted to introduce oral testimony as to the terms of the written agreement between the parties. Irrespective of whether the record shows a written contract, the defendant's pleadings admit the existence of a contract between the parties; and the defendant himself, without objection, testified as to its terms. Furthermore, as we have seen above, the defendant tendered $111.43 into court, the amount the defendant stated was the difference between the contract price of repairing the roof and the value of the merchandise which was damaged by the water. McCormick and Ray, Texas Law on Evidence, page 944, states the rule which, in our opinion, answers defendant's point of error: "However, even though it appears that the evidence relates to a written document, if it is admitted without objection, or if objected to only upon another and untenable ground, the objection that it is secondary is waived, and the evidence so admitted (being perfectly relevant and only subject to objection under a technical rule of preference) is to be considered on appeal on the same footing as other competent evidence."

Next, the defendant contends the court erred in the manner in which Special Issue No. 5 was submitted to the jury. This special issue reads as follows: "Do you find that the failure of the defendant, Vineyard, to take any action to keep the containers, bottles and caps in question from getting wet was negligence?"

The jury answered "Yes." The defendant insists that this issue as submitted places the burden of proof on him. Also, he insists that the proper method of submitting the question of contributory negligence is, first, to inquire whether the defendant did the acts which are asserted to be contributory negligence; second, to determine if

such acts constitute negligence; and, third, to inquire whether the negligence caused or contributed to the injuries sustained by the defendant.

The general rule is that contributory negligence must be alleged and proved by the party asserting it as a defense. However, as an exception to this rule, if the injured party has testified that he did not take the precautions necessary to avert the damages, the presumption is that he was responsible. Our courts have held it error to impose the burden of proof on the party alleging the defense of contributory negligence where the opposing party's own testimony tends to show him guilty of such negligence. Chicago, R. I. & G. Ry. Co. v. Clay, 55 Tex.Civ.App. 526, 119 S.W. 730, err. ref.; Louisiana Ry. & Nav. Co. of Texas v. Cotton, Tex.Civ.App., 1 S.W.2d 393; 30 Tex.Jur. 809 to 816. Applying these accepted rules to this case, we find from the defendant's own testimony that he made no effort to move the paper containers prior to repairing the roof, nor did he make an effort to move the merchandise until after the roof began to leak and material damage had been done to the merchandise. This evidence was not disputed. In our opinion the trial court did not err in submitting Special Issue No. 5 in such a manner that the burden of proof was not placed on the plaintiff, W. L. Harvey. Gillette Motor Transport, Inc. v. Fine, Tex. Civ.App., 131 S.W.2d 817, writ dism., and the decisions there cited; Texas Traction Co. v. Wiley, Tex.Civ.App., 164 S.W. 1028; Texas & N. O. Ry. Co. v. Rooks, Tex.Com. App., 292 S.W. 536. And, since the uncontroverted evidence shows that the defendant took no action to prevent the cartons, bottles and caps from being soaked, it was not necessary for the trial court to submit to the jury an issue as to whether the defendant did fail to exercise due precautions to prevent the damage of his merchandise before submitting the question of whether such failure constituted negligence. It is not necessary for a court to submit special issues upon questions about which there is no controversy and with reference to which only one conclusion can be drawn. Malone v. City of Plainview, Tex.Civ.App., 127

S.W.2d 201; 41 Tex.Jur. 1137. In the case of City of Winters v. Bethune, Tex.Civ. App., 111 S.W.2d 797, 800, dism., the court said: "It is now settled that though issues be controverted by pleadings, if there be no conflict in the evidence with regard thereto, they need not be submitted to the jury."

The plaintiff has urged several counter-points of error. Because of our disposition of the case, it is unnecessary to pass upon the merits of plaintiff's counter-points. We have carefully reviewed this case. The defendant's points of error are overruled, and we affirm the judgment of the court below.