**SAMPLES et al. v. BUCKMAN et al.**

**No. 6188.**

Court of Civil Appeals of Texas. Amarillo.
Nov. 26, 1951.

Rehearing Denied Jan. 21, 1952.

Rob't A. Sowder and Vickers, Vickers & Corbin, all of Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock (Max Addison, Lubbock, of counsel), for appellee.

LUMPKIN, Justice.

This appeal is from a judgment which directed the appellants, J. A. Samples and Roy Moore, to destroy a dump or dyke they had theretofore built across a roadway, and it perpetually enjoined them from erecting across the roadway any dump or dyke that would divert the natural flow of water.

The parties are neighbors owning contiguous tracts of land situated in Lubbock County, Texas. The appellants, J. A. Samples and Roy Moore, own adjoining quarter sections, with Moore's property situated alongside and directly west of Samples' tract. Between them, running north and south, is a private road. This is the roadway mentioned in the court's judgment. At its north end the appellants built and maintained a dump or dyke. Immediately to the north of the appellants and across a county road running east and west are two tracts of land: the one on the west is owned by the appellee A. M. Bourland while the one on the east is owned by the appellee W. L. Buckman. Between these two tracts there is a county road running north and south, its southern terminus being at the east-west road, the northern boundary of the appellants' tracts of land and the southern boundary of appellees' tracts. Immediately west of the appellant Roy Moore's property and across another county road running north and south is the property owned by the appellee R. O. Moore. The terrain in the immediate vicinity of all this property and county roads is relatively flat.

In their petition the appellees alleged that the natural slope of the land owned by the parties is from the north to the south and that the surface water flows in the same direction—that is, from the land owned by the appellees Bourland and Buckman across that owned by the appellants; that because of the dump or dyke which the appellants had erected across the roadway, the water backed up and damaged the land belonging to Bourland and Buckman; and that because of the appellants' embankment the surface water ran in greater quantities than was normal onto the property of the appellee R. O. Moore. The appellees asked

that the appellants' dyke be removed so that the water would seek its natural course.

In their answer the appellants asserted that the appellees' alleged cause of action is barred by limitations. They alleged that they had erected the embankment in 1926 to repel the surface water diverted from its natural course by the appellees and Lubbock County, and they asked that their right to use the embankment be quieted.

In answer to special issues the jury found that the embankment erected by the appellants diverted the natural flow of surface water from their lands onto the appellees' property; that it would continue to do so; that the embankment would cause the surface water to remain longer on Buckman's land, flow upon and along Bourland's property, and flow faster over R. O. Moore's land than it would have if the dump had not been erected. The jury found that the embankment would cause water to flow upon the appellees' property to its damage; that the appellants constructed the dump in 1926, rebuilt it in 1948 and raised it in 1949. Upon these findings, and others, the court granted the injunctive relief sought by the appellees, and it is from this judgment that the appellants have perfected this appeal.

The appellants insist that the appellees have failed to allege a cause of action, since they did not plead their lack of consent to the erection of the embankment.

This suit was filed in compliance with the provisions of Article 7589a, Vernon's Annotated Civil Statutes, which provides that it shall be unlawful to divert the natural flow of surface water or to impound surface water in such a manner as to damage the property of another by the overflow of the water so diverted or impounded and that "in all such cases the injured party shall have remedies, both at law and in equity, including damages occasioned thereby". In this case the appellees did not seek relief in the form of damages but only asked for equitable relief in the form of an injunction.

This particular complaint of the appellants—that the appellees failed to plead their lack of consent to the erection of the embankment—was treated by the trial court as a special exception and overruled.

■ To constitute an offense, the statute does not require that surface water be diverted without the consent of the damaged land owner. Assuming that the facts alleged in the appellees' petition are true, the appellees stated a violation of the statute and a cause of action when they pleaded that the construction of the dump or dyke resulted in damage to their land.

Next, the appellants contend that the appellees failed to plead and prove they suffered any substantial or appreciable damage because of the dump or dyke but that at the most the appellees suffered only minor and temporary inconveniences.

■ The proprietor of higher land is entitled to have surface water flow to the lower land, so long as the water follows its usual course and runs in its natural quantities. Bunch v. Thomas, 121 Tex. 225, 49 S.W.2d 421. But if the owner of the lower property obstructs or repels the water, he is responsible for any injury that may result from his action. International-Great Northern R. Co. v. Reagan, 121 Tex. 233, 49 S.W.2d 414; Roby v. Hawthorne, Tex. Civ.App., 77 S.W.2d 923, writ dism.

■ In this case the evidence reveals that following heavy rains the surface water from the Bourland property and the Buckman property broke over the appellants' embankment; that in June 1948 the appellants added to their dump; that the water from later rains was obstructed by the embankment so that the ditches on the east-west road were washed several times as wide as they should have been; that water was knee deep along the roadway and traffic was impeded by the impounded water; that the embankment caused the water to back up about 40 feet into Buckman's field. The appellee, R. O. Moore, testified that the water flowing off Bourland's and Buckman's land and south along the county road, which divided these two pieces of property, was impounded by the appellees' dump in such a manner that the surface water ran west on the east-west county road to a point where that road intersected another north-south county road. The wa-

ter flowed south along this county road and overflowed into his field in such quantities that it could not be cultivated for some time after a rain. The jury found in effect that the embankment caused and would continue to cause more water to run across the appellees' land than would normally flow across this land and that this water so diverted from its natural course by the appellants' dump or dyke caused damage to the appellees' land. The evidence is sufficient to support the jury's findings.

But the appellants insist that even though they did construct the embankment and divert the flow of the surface water, they were within their legal rights in repelling this surface water from their land. It is their contention that when Lubbock County constructed the north-south road—the county road which runs between Bourland's tract and Buckman's land—the surface water was diverted from its natural watershed and concentrated at the northeast corner of the appellant Roy Moore's tract and the northwest corner of the appellant Samples' tract in a much greater volume than it would have been concentrated had the county road not been built. Moreover, the appellants insist they were authorized to erect the embankment and repel the surface water forced on them by Bourland's method of plowing; that this type of plowing caused the surface water to concentrate at a point immediately north of appellants' dam.

Among the authorities cited by the appellants is that of Willacy County v. Oakes, Tex.Civ.App., 239 S.W.2d 692, 693, in which Willacy County sought to abate an alleged nuisance consisting of a dam erected alongside a county road. It was shown that the grades and embankments for a highway and the county road concentrated and impounded the surface waters. The situation is described in this manner: "Culverts had been placed under the highway and the county road, so that water approaching and overflowing Oakes' land was gathered into a stream or concentrated flow by said culverts. In order to prevent damage to his lands Oakes erected the dam and dykes involved, which kept the water from the culvert under the county road particularly from flowing upon his property. * *

The placing of the culvert under the road was undoubtedly necessary for proper highway maintenance, as well as to protect the lands north of the road from being inundated. It had the effect, however, of causing a concentrated force of water to flow onto appellee's land, which was calculated to cause more serious injury thereto than would the natural diffused flow of water over said tract. Willacy County had secured no easement for a drainway, and appellee was thus faced with an election between instituting a legal action or relying upon self-help. He chose the latter course and constructed the dam to keep the concentrated flow of water off his property. In so doing he was undoubtedly acting within his legal rights."

In this case, however, the appellants failed to request an issue to determine whether the appellees or Lubbock County have so changed or interfered with the natural flow of the surface water as to cause a concentrated force of water to flow upon the appellees' land. Rule 279, Texas Rules of Civil Procedure, provides that all defenses are waived upon which no issue is requested or given, unless the independent ground of defense is conclusively established by the evidence. In our opinion the evidence does not conclusively establish that the ditches of the north-south county road serve to catch the water running from the north and east and cause it to concentrate upon appellants' land. On the contrary there is evidence that this is not so. The terrain is practically level. According to a surveyor who testified in the case, the fall of the land is about 13 feet, measured from a point in the middle of the county road adjacent to the northeast corner of Bourland's land to the center of the county road immediately north of the appellants' embankment, a distance of about one-half mile. Speaking of the terrain, he said that there is nearly twice as much fall from the north to the south as there is from the east to the west.

There is nothing in the evidence to show us the type of road which divides the Bourland property from the Buckman property, other than it is a county road. We are not informed whether it has shallow

ditches or deep ditches. There is nothing to show that its ditches collect any more water than would have been collected and directed southwest by the natural topography of the country. Nor is there anything to show that Bourland's plowing causes any more water to collect before the appellants' dam than would ordinarily collect there. The evidence does not conclusively establish that the water which flows against the appellants' dump has been touched and directed by the hands of man before it is impounded and diverted by the appellants' embankment. Miller v. Letzerich, 121 Tex. 248, 49 S.W.2d 404; Red Lake Fishing & Hunting Club v. Burleson, Tex.Civ.App., 219 S.W.2d 115, writ ref. Therefore, since there is evidence to support such a finding, we must assume that the court found that neither the appellees nor Lubbock County has changed or interfered with the natural flow of the surface water. Manzer v. Barnes, Tex.Civ.App., 237 S.W.2d 686; Morrison v. Swaim, Tex.Civ.App., 220 S.W. 2d 493, writ ref. n. r. e.

Finally, the appellants contend that the appellees' cause of action was barred by limitations. In 54 Corpus Juris Secundum, Limitations of Actions, § 172, page 135, it is said: "Where obstructions erected by defendant, or other acts or omissions by him, not of themselves unlawful as to plaintiff, cause water to overflow plaintiff's land, a cause of action accrues and the statute begins to run when plaintiff sustains damage from the overflow, not when the obstructions are erected or the other acts or omissions occur, the rule having been applied in respect of sundry different kinds of obstructions; and the rule applies, although the cause of the overflow is an obstruction of gradual growth not causing damage until the lapse of the statutory period after it first began."

The embankment was first constructed in 1926, rebuilt in 1948 and raised in 1949. The appellees' cause of action accrued when they were injured as a result of the diversion of the surface water. Since the appellees pleaded that they were "damaged every time it rains," their suit, in our opinion, is not barred by limitations.

Baker v. City of Fort Worth, 146 Tex. 600, 210 S.W.2d 564, 5 A.L.R.2d 297.

We have carefully reviewed the record in this case. For the reasons stated all of the appellants' points of error are overruled, and we affirm the judgment of the trial court.