**SOULE et al. v. GALVESTON COUNTY.**

No. 12341.

Court of Civil Appeals of Texas. Galveston.

Dec. 20, 1951.

Rehearing Denied Jan. 10, 1952.

Jahn & Smith and Edward A. Jahn, all of Galveston, for appellants.

Markwell & Stubbs and William D. Decker, all of Galveston, for appellee.

CODY, Justice.

This was a suit by Galveston County for a mandatory injunction to prevent the defendants from so interfering with the natural flow of surface waters along and through a natural waterway across their land and so diverting such natural flow as

to cause and threaten irreparable damage to adjacent county roads.

Mrs. Mary Louise Soule inherited Lots 402 and 421, Section 1, Trimble & Lindsey Survey, Galveston Island, Texas, from her parents. This property is called the "Soule Tract" in this record. At the time the Trimble & Lindsey Survey was laid out, in 1837, avenues were shown on the plat which formed the east and west boundaries of the Soule Tract. In 1932, the County improved the roads which formed the east and west boundary of the tract. The road on the west of the tract is called the "Seven Mile Road"; the road on the east of the tract is called the "East Sunset Road". In 1933, the parents of Mrs. Soule joined with the owner of the tract to the north of the Soule Tract, and conveyed to the County the right-of-way upon which North Sunset Road was constructed, said road forming the northern boundary of the Soule Tract. The southern boundary of the Soule Tract is formed by the Gulf of Mexico. The roads were constructed at the instance and for the convenience of the owners of land in the vicinity, including the parents of Mrs. Soule.

Mrs. Soule became the owner of the Soule Tract by inheritance in 1939.

In a trial to the Court without a jury, the Court rendered judgment for the County, granting the mandatory injunction sought by the County. In response to the defendants' request, the Court filed conclusions of fact and law. Thereafter, the defendants perfected their appeal by their timely filing of the transcript. However, because of the late tender for filing of the Statement of Facts this Court was constrained to grant the County's motion demanding that the Statement of Facts be not filed. This appeal is before us upon the Court's conclusions of fact and law.

■ The Court's findings of fact are very comprehensive. Incidentally, they refer to various of the exhibits, which are physically attached to the Statement of Facts. The exhibits are of course before this Court, as forming a part of the Court's findings of fact.

No good purpose would be served in reviewing the Court's necessarily lengthy findings of fact, which by reference include plats and pictures. In substance, the Court found that the County roads were constructed so as not to interfere with the flow of the surface waters across the Soule Tract to any appreciable extent; that Mrs. Soule filled in her land at places to the depth of seven feet where a swale had theretofore existed, in order to make her property valuable as camp sites; that she prosecuted her project in the face of warnings by the County Engineer that by so changing the surface of her land she would endanger the County's roads. Also,—that by an expenditure of about $700, the water could be allowed to drain so as not to endanger the County's aforesaid roads.

As there is no statement of facts before this Court, and no proper challenge as to the Court's findings of fact, and as defendants fail to show wherein the Court's findings do not support his judgment, we will be content with a brief statement of our views.

■ Even had the County found it necessary in the construction of the roads to cast the surface waters on the Soule Tract, it would have had the authority to have done so by paying the owners thereof for taking their property for a public purpose. State v. Hale, 136 Tex. 29, 146 S.W. 2d 731, 736, 737; State Const. Art. I, Sec. 17. Vernon's Ann.St. Even before the enactment of Vernon's Ann.Civ.St. Art. 7589a, appellants would not have had the right to divert the surface waters from their natural course. Under the Court's ample fact findings, it was proper to grant the mandatory injunction. Red Lake Fishing & Hunting Club v. Burleson, Tex.Civ.App., 219 S.W.2d 115, writ refused; and see City of Brady v. Cox, Tex.Civ.App., 48 S.W.2d 511; Falls County v. Kluck, Tex.Civ.App., 199 S.W.2d 704.

Judgment affirmed.