## DITTA v. POGUE.
### No. 12414.

Court of Civil Appeals of Texas. Galveston.
May 29, 1952.

Rehearing Denied June 19, 1952.

Geo. Red, Henry P. Giessel, of Houston, for appellant.

Chilton Bryan, Ralph K. Miller, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $244.21 judgment of the County Court at Law of Harris County, Hon. W. Sears McGee, judge presiding, entered, in response to a jury's verdict on special issues submitted, in favor of the appellee and against the appellant, as for damage done to the automobile of the appellee by the negligence of the appellant in causing a collision with it by his own car.

Appellant challenges the judgment so adverse to him below upon some five Points of Error, in material substance to the effect that the court erred in these respects:

(1) in submitting its Special Issues Nos. 5 and 6 over appellant's objections thereto;

(2) in refusing to submit appellant's requested Special Issues on the doctrine of discovered peril;

(3) in excluding from the evidence two of appellant's former pleadings in the cause, i. e. his original and first supplemental petitions therein;

(4) in overruling appellant's Special Exception to and his motions complaining of the allegation in the appellee's trial petition referring to the appellant as "Joe Ditta alias Frank Ditta";

(5) in having overruled appellant's motion for a continuance.

None of these presentments, it is determined, point out reversible error.

Special Issues Nos. 5 and 6 were these:

"Special Issue No. 5

"Do you find from a preponderance of the evidence that Joe Ditta failed to yield the right of way when driving his automobile from the private road or driveway of the Minimax Parking lot onto U. S. Highway No. 59 while the vehicle being operated by William L. Pogue was approaching on U. S. Highway No. 59?

"Answer 'We do' or 'We do not.'

"The term 'right of way' as used in this charge means the right of a vehicle to proceed uninterruptedly, in a lawful manner, in the direction in which it is moving, in preference to another vehicle approaching from a different direction.

"If you have answered Special Issue No. 5 'We do' and only in that event, then answer:

"Special Issue No. 6

"Do you find from a preponderance of the evidence that such failure to yield the right of way, if you have so found, was a proximate cause of the collision in question?

"Answer 'We do' or 'We do not.'"

This reply of the appellee to appellant's Point No. 1, as made by the appellee, is adopted as a complete answer thereto:

" * * * there was no error in the trial court's submission of Special Issues Nos. 5 and 6, because the first of said issues is a paraphrasing of Sec. 74 of Art. 6701-d of the R.C.S. of the State of Texas, 1925, (Uniform Act Regulating Traffic on Highways); that said issue did not assume any fact or group of facts; that said issue is amply supported not only by a preponderance of the evidence, but by uncontradicted evidence; and was, therefore, properly submitted, along with its companion issue of proximate cause."

These, among many other, authorities that might be cited, support the conclusions stated, to-wit: Vineyard v. Harvey, Tex.Civ.App., 231 S.W.2d 921 (error dism.); Malone v. City of Plainview, Tex. Civ.App., 127 S.W.2d 201; 41 Tex.Jur. 1137; City of Winters v. Bethune, Tex.Civ. App., 111 S.W.2d 797, 800, dism.; Gulf, C. & S. F. Ry. Co. v. Jones, Tex.Civ.App., 221 S.W.2d 1010 (writ refused, n.r.e.); Speer's Special Issue, Sec. 163, 429, 456; National Security Life & Casualty Co. v. Benham, Tex.Civ.App., 233 S.W.2d 334 (writ refused, n.r.e.); Bennett v. Mc-Krell, 135 Tex. 557, 144 S.W.2d 242; Galveston, H. & S. A. Ry. Co. v. Henry, Tex. Civ.App., 252 S.W. 210; Art. 6701d, Vernon's Ann.Civ.St.; Mundy v. Pirie Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587.

■ Appellant's criticism that Special Issue No. 5 assumes as facts both that appellee was *approaching* on U. S. Highway 59 and that appellant drove his car from the Minimax Parking Lot onto that highway, and, further, it indicated the court's belief of the appellee's testimony in that respect, as well as that it submitted two issues, and was, in substance, a general charge, upon the whole, are all thought to be unsubstantiated contentions.

Indeed, appellant himself testified that he was going south, along the right lane of that highway, just prior to and at the time of the collision, that he never saw appellee's car, nor did he know the latter was approaching such highway, prior to the actual collision; in his testimony he was joined by the only other witness in his behalf, so that, the undisputed evidence is to the effect that appellee was so approaching Highway 59, which situation brings this

cause directly within the Vineyard v. Harvey and Winters v. Bethune, and others of the authorities, cited supra. Neither, as this Court reads it, is there any controversy in the testimony as to whether or not appellant drove his car from the private road out of the Minimax Parking Lot onto the highway, just prior to the collision.

The other specified objections to the charge are likewise thought not to be well taken.

█ In the next place, it seems clear to this Court that there was no error in the trial court's refusal to submit appellant's requested Special Issues, on the doctrine of discovered peril, as applicable to this cause, as so made out, by the pleadings and testimony. Whatever may be said as to the sufficiency of the pleadings upon this phase, it is clear to this Court that the evidence did not make of it a controversy involving the discovered-peril doctrine. The appellee, likewise, in his brief, so contends, and thus specifies the respects in which he asserts there was no evidence even offered to show these indispensable elements of fact, in order that such doctrine might be applicable thereto, to-wit:

"1) That appellant or the vehicle he was driving were in a position of peril;

"2) That appellee ever discovered appellant in a perilous position, if he was;

"3) That appellee ever realized that appellant was in a position of peril, if he was;

"4) That any such discovery and realization of appellant's perilous position by appellee, if any there was, was made at a time and distance sufficient so that, in the exercise of ordinary care, and with all the means at his command consistent with his own safety and the safety of the automobile he was driving, appellee could have avoided the collision; and

"5) That appellee negligently failed to exercise ordinary care, in an effort to avoid the collision."

It would be supererogatory to detail the testimony, showing that it was lacking in all these specified particulars. This Court has fully examined the Statement of Facts upon that phase, and finds that, in each and all of the copied details, there was a failure to make out an instance of discovered-peril. Turner v. Texas Company, 138 Tex. 380, 159 S.W.2d 112; Baker v. Shafter, Tex.Com.App., 231 S.W. 349, 350; Schuhmacher Co. v. Posey, 147 Tex. 392, 215 S.W.2d 880; Hays v. Gainesville St. Ry. Co., 70 Tex. 602, 8 S.W. 491; Galveston, H. & S. A. Ry. Co. v. Price, Tex.Com. App., 240 S.W. 524.

Appellant argues his stated Points 3, 4, and 5 together, "because, though they complain of different rulings, they are related, and had the same detrimental effect upon appellant."

As indicated, these assignments complain of the court's exclusion from the evidence of the appellee's original and first supplemental petitions in the trial court, upon the claim that they constituted admissions by him against his interest in the suit. Further, that appellant's special exceptions, etc., complaining of the allegation in the appellee's trial petition of "Joe Ditta alias Frank Ditta," whereas, No. 5 challenged the court's having overruled appellant's motion below for a continuance.

█ In the state of the record, it is held that no one of these thus grouped points is well taken; as to the claim that appellee's abandoned pleadings below constituted any material admission there, antagonistic to his position upon this appeal, there is observed no conflict whatever. Hence, under our authorities, they were immaterial. McCormick & Ray, Sec. 499 (c), p. 642; Hughes v. Fort Worth National Bank, Tex.Civ.App., 164 S.W.2d 231 (writ refused); Abel v. Maxwell Hardware Co., Tex.Civ.App., 28 S.W.2d 312 (no writ); Dallas Ry. & Terminal Co. v. Hendricks, 140 Tex. 93, 166 S.W.2d 116.

█ The presentment that the allegation in the appellee's trial position, designating the appellant as "Joe Ditta alias Frank Ditta," is overruled as presenting nothing for review here, because the evidence undisputedly shows that—immediately following the collision below—the appellant gave the alias name of Frank Ditta to the appellee.

■ Lastly, it is thought there was clearly no reversible error in the trial court's overruling appellant's motion for continuance during the trial; this, for the reason that it plainly appears that its large measure of discretion in this proceeding, vouchsafed to it under Rule 252, Texas Rules of Civil Procedure, was not in any manner, or degree, abused. Appellant's main complaint with reference to the matter seems to have been that the failure of the court reporter below to transcribe the appellee's testimony upon the first trial there in time to be used by him at the second trial, constituted an abuse of the trial court's discretion; whereas, it appears without dispute in this record that he failed to comply with further Rule 186 et seq., T.R.C.P., to have incorporated in a deposition the appellee's testimony.

In a word, these authorities conclude this matter adversely to appellant's contention: Texas Indemnity Insurance Co. v. Harlan, Tex.Civ.App., 236 S.W.2d 564 (error dism.); Pollock v. Wuntch, Tex. Civ.App., 150 S.W.2d 392 (no writ); Mc-Faddin v. Oakwood Realty Company, Tex. Civ.App., 139 S.W.2d 636 (error dism., judgment correct).

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.