L. V. BRITTIAN, Appellant,

v.

HALE COUNTY, Texas, Appellee.

No. 6639.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 7, 1957.

**722**

E. T. Miller and Lumpkin & Watson, Amarillo, for appellant.

Frank Gaston and Day & Owen, Plainview, for appellee.

PITTS, Chief Justice.

As a result of a jury verdict and under the provisions of the law presented, appellee, Hale County, Texas, was granted a mandatory injunction against appellant, L. V. Brittian, commanding him to cut and remove a dyke or levee he had built on his land, so as to permit the natural flow of surface water to drain along its natural course rather than diverting the natural flow thereof over and across a public county road by reason of the dyke or levee. Appellee had built and was maintaining a public road used by school busses and other traffic extending east and west between certain tracts of land, Section 26 on the north and Section 27 on the south, in Block M–14, Hale County, Texas. Appellant owned Section 26 and the west one-half of Section 27 both adjacent to and separated by the county road. Albert Sammann controlled and operated a farm on the northeast one-quarter of Section 27 adjacent to the county road and joining appellant's west one-half of Section 27. Near the center of Section 26 there is a large lake and east thereof and on the same section there is a smaller lake both of which constitute a depression or low ground to which water naturally drains from the surrounding watershed. The lowest point of the depression or drain next to the county road is about one-fourth mile west of the southeast corner of Section 26. After a rainfall the natural flow of the water generally from the east one-half of Section 27 as well as most of that on Section 26 runs east and north to the said lakes, with some of it naturally flowing west from the west part of the said sections. By reason of heavy rains water flowed over and across the county roadbed creating a hazardous condition during rainy seasons which prevented a necessary, orderly use of the said county road by the traveling public. Because of such a condition appellee, through

its County Commissioners' Court, installed a metal culvert about 18 inches in diameter across the roadbed, buried underneath the crown of the road at a suitable and proper place for the purpose of equalizing the natural flow of the water both east and west in the barrow pits on each side of the road, thereby causing the natural flow of the water under the road bed rather than over it. Such eliminated the hazardous condition of the road during wet weather. Simultaneously with the installation of the metal culvert under the roadbed by appellee, appellant began the construction of a dyke or levee on his Section 26 just inside his property line, parallel with and adjacent to the said county road with the center of the said dyke or levee immediately north of the metal culvert. The dyke or levee, when completed by appellant, was approximately 300 yards or more in length, about 20 feet wide and 4 to 6 feet high, thus by reason of the construction of such prevented the natural flow of water during heavy rains from the higher estate to the lower estate or to the lakes mentioned on appellant's land and by reason thereof impounded and turned great volumes of water south of the said dyke or levee away from its natural flow to the said lakes located on appellant's premises over, onto and across the said public county road, making the same impassable and unusable at such times to the damage of appellee and the general public by reason of the dyke or levee built by appellant.

Because of appellant's diversion of the natural flow of the water to its damage and the damage done to the general public which used the said county road, appellee sought and obtained a mandatory injunction to compel appellant to cut and remove the said dyke or levee in order to permit the natural flow of water to the lower estate or to the said lakes on appellant's land without diverting the same on or across the said public road.

Appellant originally sought by a cross-action recovery against appellee and he likewise impleaded Albert Sammann as a defendant and sought recovery against him. But such claims for recovery were severed from the injunctive issues here presented and were entirely omitted by appellant in his third amended answer upon which he went to trial in this action.

The case for injunctive relief only was tried to a jury, but because the evidence conclusively revealed and it was admitted by appellant that he built and constructed the said dyke and levee, because it was agreed by all parties in open court and the trial court so found that "the dyke built by the defendant, L. V. Brittian, has, does and will overflow water on the county road in question," and because it conclusively appeared that such overflow of water damaged the said road and prevented its use at such times by the general public, the trial court did not submit any affirmative issues to the jury concerning appellee's alleged cause of action, but submitted only appellant's controverted defenses sought to be established. Appellant complains in two points of error presented about such matters, charging in his first point that the trial court's judgment is contrary to the law and the evidence and in his second point charging that it was error for the trial court to place the burden in its charge upon appellant to obtain jury answers to Special Issues Nos. 1, 2 and 4.

Concerning appellant's first point, he admitted in open court that he built the dyke or levee and that such "has, does and will overflow on the county road in question." There is other corroborative evidence of probative force in support of appellant's said admissions and it further conclusively reveals the damages done. Although appellant joined issues with appellee in his pleadings, the evidence in support of appellee's alleged grounds for relief is not controverted and appellant has admitted in open court appellee's material grounds for relief to be true. It has been held that under such circumstances such matters need not be submitted to the jury

but the trial judge may apply the law to the facts thus established. Traders & General Ins. Co. v. O'Quinn, Tex.Civ.App., 111 S.W.2d 859; Coca-Cola Bottling Co. v. Krueger, Tex.Civ.App., 239 S.W.2d 669. This court so held. recently in the case of Vineyard v. Harvey, 231 S.W.2d 921, 924, when the following language was used:

"It is not necessary for a court to submit special issues upon questions about which there is no controversy and with reference to which only one conclusion can be drawn. Malone v. City of Plainview, Tex.Civ.App., 127 S.W.2d 201; 41 Tex.Jur. 1137. In the case of City of Winters v. Bethune, Tex.Civ.App., 111 S.W.2d 797, 800, dism., the court said: 'It is now settled that though issues be controverted by pleadings, if there be no conflict in the evidence with regard thereto, they need not be submitted to the jury.'"

Because of the record, the authorities cited and the provisions of Article 7589a as construed by this court in the recent case of Samples v. Buckman, 246 S.W.2d 283 (writ refused) appellant's first point is overruled.

■ Concerning appellant's charges made in his second point of error to the effect that the trial court erred in placing the burden of proof upon him to establish answers to Special Issues Nos. 1, 2 and 4 submitted to the jury, the record reveals that such special issues were raised by appellant as defenses in his pleadings and by the evidence he presented. Appellant pleaded in effect that the placing by appellee of the metal culvert under the roadbed would cause the water to flow from its natural course upon appellant's land to his damage if it were not for the dyke he had built. He offered evidence in support of such a pleading but his evidence was controverted, as a result of which the trial court submitted Special Issue No. 1 inquiring in effect if the placing of the culvert under the roadbed would turn the natural flow of the water onto appellant's land to his damage if the dyke were removed. The jury answered in the negative and against appellant's claims. Appellant likewise pleaded in effect that Albert Sammann had changed the topography of the northeast one-quarter of Section 27 by terracing the same so as to change and divert the natural flow of water onto his land to his damage if it were not for the dyke he had built and that the overflow of water from Albert Sammann's irrigation well on the said land known as "tail water" contributed to his damage by overflow water if it were not for the dyke built for his protection. He offered evidence in support of his said pleadings but his evidence was controverted, as a result of which the trial court submitted Special Issues Nos. 2 and 4 inquiring separately if such claims made by appellant were true. The jury answered both issues in the negative and against appellant. Such issues were all appellant's affirmative defensive issues as pleaded and the trial court, in submitting them, properly placed the burden upon appellant to establish his defensive claims made.

■ In the case at bar it is elementary that the burden was upon appellee to establish facts entitling him to the injunctive relief sought. This he did when appellant admitted the material facts relied upon by appellee to be true and when all others were conclusively established by evidence of probative force. Such evidence, together with appellant's admissions made as a witness and his agreement made with appellee in open court, conclusively reveal that appellant had by the construction of the dyke or levee impounded and diverted the natural flow of water in time of storm from his own land and onto and across the county road to appellee's damage, thus presenting a prima facie case for appellee. When appellant sought to defeat the prima facie case made out by appellee by presenting independent defensive matters, the burden was upon him to establish

such defensive matters and it was proper to so instruct the jury. American National Ins. Co. v. Points, Tex.Civ.App., 131 S.W.2d 983, Syl. 15; 17 Tex.Jur. 319, Sec. 95; 24 Tex.Jur. 181, Sec. 134, and other authorities there cited including the case of Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810, 26 A.L.R. 1210.

According to the record before us, the jury refused to sustain appellant's efforts to overturn appellee's prima facie case for relief sought and there being ample evidence of probative force to support such findings we are bound by the jury findings. Smith v. Little, Tex.Civ.App., 217 S.W.2d 881; Pool v. Sneed, Tex.Civ. App., 173 S.W.2d 768, Syl. 12; Damon v. State, Tex.Com.App., 52 S.W.2d 368; 3B Tex.Jur. 438, Sec. 934.

For the reasons stated appellant's points of error are overruled and the judgment of the trial court is affirmed.

CHAPMAN, J., not participating.