

# The Attorney General of Texas

December 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston
Houston, Texas 77002

Opinion No. H-1278

Re: May Harris County require storm sewers to be designed with capacity to drain county road used as outlet?

Dear Mr. Resweber:

You ask the following question:

> May Harris County require parties constructing storm sewers, and using County roads as outlets to outfall systems, to design the storm sewers with enough capacity to drain the County road right of way and the adjacent areas fronting on such County roads.

You state that county roads have been used as an outlet for storm sewers draining developments which usually are installed by water districts. This practice has on occasion allowed two storm sewers to be constructed within a given segment of road right of way without regard to roadside ditch drainage and has thereby restricted space available for the installation of storm sewers funded by the county.

Your question involves many possible fact situations and is not subject to comprehensive resolution in the opinion process. To the extent that you inquire about storm sewers built by water districts within the areal confines of Harris County roads, we believe your question is answered by Attorney General Opinion M-56 (1967). That opinion determined that the commissioners court may require that plans and specifications be submitted to the County Engineer by a Fresh Water Supply District for his approval prior to the construction of storm sewers within the areal confines of Harris County roads. See also Attorney General Opinion M-56A (1967).

It appears, however, that it is the county's duty to provide drainage for county roads it constructs. V.T.C.S. art. 6730; Harris County Road Law, Acts 1913, 33rd Leg., Special Laws, ch. 17, SS 1, 2, 3, 12, 16, 21, 29, at 64-70. See Willacy County v. Oakes, 239 S.W.2d 692 (Tex. Civ. App. — San Antonio 1951,

writ ref'd) (county has no right to cause drainage to flow onto adjacent landowner's land). A landowner may not, however, divert the natural flow of surface waters so that they threaten county roads. Soule v. Galveston County, 246 S.W.2d 491 (Tex. Civ. App. — Galveston 1951, writ ref'd). The county is entitled to a mandatory injunction to prevent such diversion. Id. See also Brittian v. Hale County, 297 S.W.2d 721 (Tex. Civ. App. — Amarillo 1957, no writ). Whether these principles apply in a particular case depends on facts relating to the natural flow of water. We note that article 6789, V.T.C.S., permits the owners of lands abutting on or within one mile of a county road or adjacent ditch to connect lateral drainage ditches with the county ditch. However, this provision applies only in counties which have adopted a voluntary assessment drainage system pursuant to articles 6771-6789, V.T.C.S. Messer v. County of Refugio, 435 S.W.2d 220 (Tex. Civ. App. — Corpus Christi 1968, writ ref'd n.r.e.).

Where a private individual owns the fee interest in and under a county road, he may use the subsurface in a manner that does not impair the public easement. Hill Farm, Inc. v. Hill County, 436 S.W.2d 320 (Tex. 1969); City of Fort Worth v. Citizens Hotel Company, 380 S.W.2d 60 (Tex. Civ. App. — Fort Worth 1964, writ ref'd n.r.e.). A stranger to title in the road may not encroach on the easement over the objection of the public agency vested with jurisdiction in the road. Hill Farm, Inc. v. Hill County, supra.

The Harris County Road Law authorizes the commissioners court to grant easements over, along, or across any public road or highway, subject to reasonable conditions or restrictions prescribed by the court. Sec. 7A, Acts 1947, 50th Leg., ch. 205, § 8, at 361. See generally County of Harris v. Tennessee Products Pipe Line Company, 332 S.W.2d 777 (Tex. Civ. App. — Houston 1960, no writ) (Harris County could enforce reasonable regulations as to construction of pipelines crossing roads but could not deny right to pipeline easement given by statute). Cases may arise where persons seek a drainage easement on or along a county road to which they are not otherwise entitled. Depending on the facts of the situation, it may be reasonable for the county to impose design requirements on the proposed storm sewer as a condition to the grant of the drainage easement.

Finally, Harris County may have some power to regulate the use of land, structures, and other development so as to control flood damage. Article 1581e-1, V.T.C.S., authorizes any county bordering on the Gulf of Mexico or the tidewater limits thereof to enact regulations, which may include drainage specifications, in "flood, or rising water prone, areas." Secs. 2, 4; see Attorney General Opinion H-1024 (1977). See also Water Code §§ 16.311 - 16.319; Attorney General Opinions H-1102, H-1011 (1977) (county authority to take actions to comply with National Flood Insurance Program established pursuant to 42 U.S.C. §§ 4001-4127).

### S U M M A R Y

Harris County may require prior submission of plans and specifications for storm sewers to be built by water districts

within the areal confines of Harris County roads. Whether the county may impose other requirements on the construction of storm sewers using county roads as outlets depends on facts relating to the natural flow of water and the ownership of the subsurface of the road. In particular cases, the county may have authority under the Harris County Road Law to impose design requirements as a condition to the grant of a drainage easement. It may also have some authority pursuant to article 158le-1 to enact regulations or drainage specifications for flood prone or rising water prone areas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn