CITY OF PERRYTON, Texas, Appellant,

v.

Fred Crosby HUSTON et al., Appellees.

No. 4375.

Court of Civil Appeals of Texas,
Eastland.

April 24, 1970.

Rehearing Denied May 29, 1970.

R. D. Lemon, Lemon, Close & Atkinson, Perryton, for appellant.

Richard Countiss, Linn, Helms & Countiss, Spearman, for appellees.

COLLINGS, Justice.

This suit was brought by Fred Crosby Huston and others, owners of Section 1187, Block 43, H. & T. C. Ry. Co. Survey in Ochiltree County, against the City of Perryton, seeking judgment for alleged permanent damage to plaintiffs' real property. The City constructed a drainage channel for the purpose of alleviating flooding conditions within its city limits, which channel empties into a natural draw approximately one-half mile from plaintiffs' property. The natural draw then empties into a playa lake situated on Sections 1186 and 1187, which is located partially on plaintiffs' property. Plaintiffs filed this damage suit alleging that their land had sustained permanent damages by reason of the construction and maintenance of such channel. The case was transferred to Potter County and a trial had before a jury. Based upon the verdict, judgment was entered against the defendant City in the amount of $27,000.00. The City has appealed.

In its first 3 points the appellant City contends that the judgment should be reversed and judgment rendered in its favor because appellees failed to prove a cause of action; that there was no evidence to support the answer of the jury to special issue number 5 finding that the action of the City in diverting surface water, if any, was unreasonable, and in the alternative, that the answer to special issue number 5 is so against the great weight and preponderance of the evidence as to be manifestly unfair and unjust; and that the court erred in refusing to submit appellant's requested special issues number 1 or 2 inquiring whether damage to appellees' property was suffered in common with other neighboring property rather than being of a peculiar or special nature to appellees' property.

It was alleged by appellees that they had at all times pertinent hereto been the owners of the land in question located approximately one mile northeast of the appellant, City of Perryton, and that appellee, Fred Huston, had lived on the land since 1915. These facts are unquestioned. It was further alleged by appellees and there is evi-

dence to the effect that a natural depression of the earth, or playa lake, is located on the eastern one-half of appellees' section 1187 and the west one-half of adjoining section 1186; that now and in times past during periods of heavy rainfall surface water flows into this depression from the west and south and when the natural depression, or playa lake and surrounding acreage has reached its maximum holding capacity, the water flows out of such natural depression in a northerly direction; that the volume of surface water draining into the depression in past years when said water from the drainage area was allowed to flow and drain undisturbed, has rarely caused the playa lake to be filled to its maximum capacity; that the surface water flowing into the depression had not, prior to appellant's drainage project been of sufficient volume during periods of ordinary rainfall to stand for long periods so as to greatly harm the soil, or prevent effective and profitable use of the land; nor had the water, prior to the action of the City complained of, flowed across appellee's land and into the depression with sufficient force to harm the surface, cause erosion or carry any appreciable quantity of debris or silt on appellees' land.

In August of 1965 the appellant, City of Perryton, started construction of a drainage project for the purpose of draining excess water from the north side of Perryton. The project was completed in September of 1965. The drainage project has various gathering devices around the north side of Perryton which direct the flood and run-off waters into a single channel and serves to move the water out of the residential areas faster and into the single large channel sooner than was the case prior to the installation of such drainage channel which runs out of the City in a north and northeasterly direction. This channel proceeds across sections 1101 and 1188 to a point in section 1188 where the channel empties into a wide draw or depression from which point water from the channel flows east and empties into the large natural depression, or playa lake, on

the Huston's land and the section adjacent to Huston on the East.

Appellees further alleged and there was evidence showing that a large part of the depression, or playa lake, on Huston's land was prior to the drainage project usable land on which some crops were raised and grass was grown except after unusually large rains; that as a result of the drainage project and channel constructed by appellant additional water is drained out of the City of Perryton onto Huston's land, even after a small rain of as much as a one inch or more; that such additional water is substantially more than that which came to appellee's land by reason of such a rain prior to appellant's drainage project; that the practical effect of this additional water on appellees' land, as a result of ordinary rainfall, is to reduce its usefulness and its fair market vaule; that the grass land is no longer usable, the farm land is cut into two parts, that weeds are rampant and erosion is wide spread.

The basis of appellees' recovery of damages from appellant City was the allegation and proof that appellant's action in constructing and maintaining the drainage project and channel has resulted in the taking and damaging of appellees' land without just compensation. Appellees contend that such action by the City constitutes the taking of and damage to property under Article 1, Section 17 of the Texas State Constitution, Vernon's Ann.St. It has been held that under this section of the constitution no cause of action is given against those constructing public works for acts which, if done by an individual in pursuit of a private enterprise would not be actionable at common law. Southwestern Public Service Co. v. Moore (1930), 119 Tex. 391, 29 S.W.2d 329; City of Abilene v. Downs, 367 S.W.2d 153, 159 (Sup.Ct., 1963). In City of Houston v. Renault, 431 S.W.2d 322 (Sup.Ct.1968) our Supreme Court in discussing this question states that:

"Where the invasion is intentional, liability depends upon whether the invasion

was unreasonable. An invasion is intentional within the meaning of these rules when the defendant acts for (the) purpose of causing it or knows that it is resulting or is substantially certain to result from his conduct."

The findings of the jury and the evidence show an intentional taking. The jury found that the project of the City has diverted surface waters upon appellees' land "in quantities substantially in excess of surface waters reaching such land" before the drainage project; that appellant knew or was substantially certain that such substantial diverting of water would result from its action; that the excess water harmed the land; that the project was a proximate cause of such harm; that the diversion of the water by the City's project was unreasonable and was of such nature as to be repeated or to reoccur. These findings meet the requirements for liability in such cases as enumerated by our Supreme Court in Renault, supra. We cannot agree with appellant's contention that there was no evidence to support the answers of the jury to such special issues or that the answers are so against the great weight and preponderance of the evidence as to be manifestly unfair and unjust. Neither can we agree with appellant's contention that appellee Huston's damage was not unique but was common to others in the area. The evidence shows and there is none to the contrary that appellee Huston and Gene Steed who has a companion case against the City, are the only people who will suffer any substantial damage because of the project.

Although there is evidence to the contrary there is ample evidence showing that appellant's drainage project is diverting additional excess surface water upon and is reducing the usefulness and value of appellees' land. Appellant's contention to the contrary is overruled. There is ample evidence showing that the drainage project increased the flow of water upon appellees' land, that such increase was in a manner different from which the water would have naturally flowed, and that it caused damage to appellees' land. Appellant is liable for such damages. Bunch v. Thomas, 121 Tex. 225, 49 S.W.2d 421 (1932); Tennyson v. Green, 217 S.W.2d 179 (Tex.Civ.App. 1948, Ref. n.r.e.). Appellant's City Engineer admitted that the purpose of the project was to get water out of the City and to relieve the City from flooding. The evidence shows that this purpose was accomplished. There was evidence to the effect that one Powers, prior to the drainage project, had been able to trap about 80 acre feet of runoff water from the City after a rain of one to two inches; that after the draining project and channel had been built Powers now gets no water from the City, but that all of it runs through the channel on to Huston's land. Also, an additional 50 to 75 acre feet of water from the City used to go into Dietrich Lake, another playa lake, but now goes into the channel constructed by the City and onto Huston's land. There was evidence that part of the additional runoff is from fills made by the City in other low places around Perryton. We overrule appellant's contention that such evidence was not admissible on the ground that it was not shown that the fills displaced water or that such fills were on land owned and controlled by the City. The evidence shows that the fills in question were on the water shed involved and that they displaced water which was diverted onto and increased the flow upon appellees' land. The evidence also indicates that the "fill" work was planned and handled through the office of the City Engineer as a part of the project.

There is also ample evidence that appellant knew or was substantially certain that such condition would result from its project, and appellant's contention to the contrary is overruled. The City designed a channel which the evidence showed was capable of handling an amount of water equal to 180 wells pumping 700 gallons per minute. The City and its engineer knew that the small Dietrich Lake was located

between Perryton and Mr. Huston's land and was capable of holding from 50 to 75 acre feet of water prior to the drainage project; that the channel constructed by the City now receives the water which formerly went into the Dietrich Lake and carries it directly to Mr. Huston's land. This was obviously the purpose of the drainage project. There is ample evidence showing that the excess water harmed appellees' land and that the drainage project was the cause of such harm. The infliction of such harm and damage to appellees' land is unreasonable. The evidence also shows that the diversion of such water was and is of a continuing nature. The jury found that because of the project the market value of appellees' land was decreased in the amount of $27,000.00.

■ Appellant urges in his 9th point that the court erred in failing to submit its requested special issues numbers 6 or 7, inquiring whether the damage to appellees' property was the result of an act of God or an unprecedented rain on August 9, 1967. The point is overruled. As appellant contends there is evidence of an unusually large rain on August 9, 1967. There was also evidence of some occasional large rains in years past which filled appellees' playa lake to overflowing. Appellees, however, do not seek to recover damages for large rains which have or may occur after the drainage channel was built. Appellees concede that large rains have and will cause damage to their land before and after appellant's project. Appellees seek to recover, and damage was awarded them only on the basis of permanent damage occurring principally because of water from one to two inches of rain which now goes to their land but which did not get to the land before the drainage project was completed. No question of fact concerning the intervention of deity is presented.

■ We overrule appellant's 10th point urging that the court erred in refusing to submit appellant's requested special issue number 5 inquiring whether appellees cultivated land and pasture land was not devoted to or united by a single use. Appellees are the owners of the entire section of land here under consideration. There is no evidence that anyone else had an interest in the ownership of the land. No question is presented concerning a division of the damages. The witness Littleton had leased the grass land on the section in question for several years prior to this suit, but did not have the land under lease when the case was tried and did not contemplate leasing it in the future. Appellant's 10th point is not well taken.

Special issue number 7 inquired about the sum of money which would compensate appellees for the loss of value sustained to the land as a proximate result of the construction and operation of appellant's drainage project. We overrule appellant's 11th point which complains of the submission of issue number 7 and urges that such issue ignores the absence of unity of use with respect to two entirely separate uses and operations and possessions of appellees' section of land. The Huston land is contiguous and is composed of a single section. For years Huston operated the entire farm himself and thereafter for several years leased a portion of the grass land to another individual. The evidence shows that there was both grass and farm land on the section; that the grass and farm land were capable of common or integrated use at the will of the owner of the land and were at times so operated as a unit by the owner. There was damage to both the grass and the farm land. Under such circumstances the land is regarded as a whole for the purpose of assessing damages. Issue number 7 of the court's charge so submitted the damage issue to the jury and did not err in so doing. Calvert v. City of Denton, 375 S.W.2d 522 (Tex.Civ.App. 1964, writ ref. n.r.e.); Texas Electric Service Company v. Linebery, 327 S.W.2d 657 (Tex.Civ.App.1959, writ dism'd).

■ In appellant's 12th point it is contended that the court erred in admitting evidence concerning a prior condemnation

**440**

case and a prior declaratory judgment action brought by the City against appellees in connection with a drainage project which contemplated the removal of water from the City of Perryton in a manner which would place such water on Huston's land. We cannot agree with appellant's contention that such prior law suits were not related in any manner to the issues before the trial court in this case or to the channel which was constructed by the City. Appellant's 12th point is overruled.

The judgment is affirmed.