**CITY OF PERRYTON, Texas, Appellant,**

v.

**Gene E. STEED, Appellee.**

No. 4387.

Court of Civil Appeals of Texas, Eastland.

April 24, 1970.

Rehearing Denied May 29, 1970.

Lemon, Close & Atkinson, R. D. Lemon, Perryton, for appellant.

Linn, Helms & Countiss, Spearman, for appellee.

COLLINGS, Justice.

This is a suit for permanent damages to real property. Gene E. Steed is owner of Section number 1186, Block 43, H. & T. C. Ry. Co. Survey in Ochiltree County situated approximately two miles northeast of Perryton, Texas. The City of Perryton constructed a drainage project and channel for the purpose of alleviating flooding conditions within its City limits which channel empties into a natural draw at a point ap-proximately one and a half miles from Steed's property. The natural draw then empties into a large playa lake situated on Sections 1186 and 1187 which is located partially on Steed's property. The City had not acquired by condemnation or otherwise the right to increase the flow of excess waters onto plaintiff's property. Shortly after said channel had been completed Steed filed this suit alleging that his land had sustained permanent damages by reason of the construction of such channel. The trial was before a jury in Potter County and judgment based upon the verdict was entered against the City of Perryton in the amount of $17,000.00. The City has appealed.

This is a companion suit to the case of the City of Perryton, Texas v. Huston et al., 454 S.W.2d 435, also decided herein on this day. The plaintiffs in both suits complained of the action of the City in constructing and maintaining the drainage channel in question and in thereby causing additional flood waters to be emptied into the large playa lake located on appellee's land and the adjoining section number 1187, Block 43, H. & T. C. Ry. Co. Survey. Reference is made to the opinion in the Huston case which sets out the material allegations of the pleadings, the evidence and the findings of the jury in that case, which are substantially the same as those in the instant case. The findings of the jury in both cases were substantially as follows: (1) that the project of the City has diverted the surface waters upon appellee's land in quantities substantially in excess of surface waters reaching such land before the drainage project; (2) that appellant knew or was substantially certain that such substantial diverting of the water would result from its action; (3) that the excess water harmed the land; (4) that the project was a proximate cause of such harm; (5) that the diversion of the water by the City's project was unreasonable and (6) was of such nature as to be repeated or to re-occur. We overrule appellant's contention in numerous points that there is

no evidence or in the alternative insufficient evidence to support the above findings.

■ We also overrule appellant's points contending that the cause should be reversed because appellee failed to prove a cause of action against appellant. The basis of appellee's recovery from appellant City was the allegation and proof that appellant's action in constructing and maintaining the drainage project and channel has resulted in the taking and damaging of appellee's land without just compensation as contemplated under Article 1, Section 17 of the Texas State Constitution, Vernon's. Ann.St.· The findings of the jury, supported by ample evidence, show that the City's drainage project increased the flow of water upon appellee's land, that such increase was in a different manner from which the water would have naturally flowed, and that it caused damage to appellee's land. Contrary to appellant's contention appellee did prove a cause of action against appellant. Bunch v. Thomas, 121 Tex. 225, 49 S.W.2d 421 1932) ; Tennyson v. Green, 217 S.W.2d 179 (Tex.Civ.App.1948), writ ref. n.r.e.; City of Houston v. Renault, 431 S. W.2d 322 (Sup.Ct., 1968) ; Robertson v. Robertson, 159 Tex. 567 (1959), 323 S.W. 2d 938.

■ In appellant's 8th point it is contended that the court erred in failing to submit appellant's requested special issues numbers 1 and 2 inquiring if appellee's property received any special benefit because a portion of such property is now subject to irrigation. This point is overruled. There was no evidence of any benefit to appellee's land for irrigation purposes. The only testimony concerning any such special benefit was from appellee Steed who testified that his attempt to irrigate out of the lake was a failure.

■ In appellant's 10th point it is contended that the court erred in admitting into evidence over appellant's objection testimony concerning dirt deposited in the

Dietrich Lake because the evidence demonstrated that since prior to 1960 water from the City has flowed into said lake. This point is overruled. Contrary to appellant's contention there was testimony to the effect that water continued to go into the Dietrich Lake until the drainage channel was constructed by appellant City.

■ We also overrule appellant's 11th point in which it is contended that the court erred in admitting into evidence appellant's storm drainage studies, prepared by Mr. McMorries and Mr. Street, for the reason that such studies were privileged and did not relate to the channel that was finally constructed but rather to alternate routes. It is true as appellant contends that the document designated as storm drainage studies prepared for the City contemplated various routes, some of which were different from the one finally adopted. The document was not a privileged one as contended by appellant. The document was material in that it showed knowledge on the part of the City that additional water would flow to appellee's land because of any of the proposed plans each of which contemplated a more speedy drainage of flood waters from the City to appellee's land.

■ In appellant's 12th point it is contended that the court erred in admitting into evidence certain testimony concerning an alleged improper measure of damages. Appellant particularly complained of testimony by appellee concerning how much the city of Perryton had cost him altogether, and what he had paid in defending the law suits. This point is also overruled. During the trial of the case the appellant City had introduced into evidence a letter to appellee in which an offer was made to purchase appellee's land at a price of $210.00 per acre. Thereafter the City during cross-examination of appellee produced a blank check and offered in the presence of the jury to execute the check if appellee would accept the offer to purchase his property for $210.00 per acre. Appellee refused the offer and then figured up the

amount that he would take for the land and presented this information to appellant's attorney. Appellant's attorney then cross examined appellee concerning the various elements included in the purchase price which appellee had submitted including the matters covered in this point. In our opinion the City invited any error committed in the introduction of this testimony and cannot now be heard to complain.

In other points appellant contends that the court erred (3) in failing to submit appellant's requested special issue number 4 inquiring whether the damage to appellee's land was suffered in common with other neighboring property rather than a special nature to appellee's property; (7) in failing to submit appellant's requested special issues inquiring if any harm to appellee's land was the result of an act of God, and (9) in admitting into evidence testimony concerning "fills" in the absence of any showing that such "fills" were made on land owned or controlled by the City. These points are overruled for the reasons stated in overruling substantially the same points in the Huston case.

The judgment is affirmed.