Harold DAVIS and Patricia
Ann Davis, Appellants,

v.

CITY OF PALESTINE, Appellee.

No. 12–95–00180–CV.

Court of Appeals of Texas,
Tyler.

Feb. 26, 1999.

Rehearing Overruled April 13, 1999.

---

James C. Boone, Palestine, for appellant.

Charles T. Jeremiah, William S., Helfand, Houston, for appellee.

Panel consisted of RAMEY, C.J., HADDEN, J., and WORTHEN, J.

### OPINION ON REMAND

JIM WORTHEN, Justice.

On August 27, 1997, we delivered a published opinion and rendered judgment reversing the trial court's summary judgment for the City of Palestine ("the City"). In our opinion, we concluded that because the City did not meet its burden of proof to show that it was entitled to judgment as a matter of law on the issues of sovereign immunity and constitutional taking, the trial court erred when it granted summary judgment for the City on all of Harold Davis and Patricia Ann Davis' ("the Davises") claims. The Texas Supreme Court granted the City's petition for discretionary review, set aside our opinion, vacated our judgment and remanded the cause to this court "for further proceedings in light of *City of Tyler v. Likes*, 962 S.W.2d

489 (Tex.1997)." *City of Palestine v. Davis*, 977 S.W.2d 328 (Tex.1998). Therefore, following the instructions on remand, we now address Harold Davis and Patricia Ann Davis' seven original points of error.

The Davises sued the City pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 101.001 *et seq.*, commonly known as the Texas Tort Claims Act ("the Act"), for damages to their business property. They also alleged an unconstitutional taking of that property. The trial court rendered summary judgment in favor of the City. On appeal, the Davises contend that summary judgment was improper because they stated a cause of action under the Act, sovereign immunity did not protect the City, and the City failed to meet its summary judgment burden by establishing that no genuine issue of material fact existed as to all of the elements of its affirmative defenses or at least one element of each of the Davises' causes of action. We will affirm in part and reverse and remand in part.

In their Second Amended Petition, the Davises alleged that the City installed tin culverts in the Wells Creek arm of its storm drainage system in 1970. That same year, a 50 × 84 building was built on top of that drainage system. The Davises rented and then purchased the building, utilizing it as an automotive and hardware business. They asserted that in 1991, the defective condition of the culverts caused the foundation of the Davises' building to crack, crumble and twist, rendering the building unfit for the operation of their business. They argued that the City was negligent in failing to inspect the storm drainage system, in failing to repair the dangerous condition in the storm drainage system, and in failing to maintain the support to their premises. The Davises asked for compensation for property damage and loss of profits, as well as mental anguish and pain. They also alleged that the damage to their property constituted an uncompensated taking, in violation of Art. I, § 17 of the Texas Constitution.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and

that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990). We must, therefore, view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47.

■ When a defendant moves for summary judgment based upon an affirmative defense, it bears the burden to expressly present and conclusively prove all elements of the affirmative defense as a matter of law so that no genuine issue of material fact exists. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). The movant-defendant must come forward with summary judgment evidence with respect to each element of the affirmative defense. *Id.* Unless the movant conclusively establishes the affirmative defense, the nonmovant plaintiff has no burden in response to a summary judgment motion filed on the basis of an affirmative defense. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 437 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

When the trial court does not state the specific grounds on which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). Summary judgment must be affirmed if any of the theories advanced are meritorious. *Id.* In the instant case, the trial court did not specify upon what basis it granted judgment for the City. Consequently, we must address and evaluate the theories set forth in the governmental entity's motion to determine if summary judgment was proper. The City's theories were as follows: 1) the City neither owed nor breached a duty; 2) the City has sovereign immunity for its construction or installation of the tin culverts prior to 1970; 3) governmental immunity bars the Davises' claims; 5) the Davises complain of an Act of God; 6) qualified immunity of City officials preserve the City's sovereign immunity; 7) the statute of limitations and statutory notice provisions bar the Davises' claims; and 8) any inverse condemnation or takings claim fails as a matter of law.

■ The Davises argue, in their third point of error, that the trial court erred in granting summary judgment because their claim did not fall within the limited waiver of immunity defined by the Texas Legislature. Sovereign immunity means that governmental entities may not be sued in tort, and governmental entities are protected from vicarious liability for the tortious acts of their agents or employees acting in the scope of their employment. The doctrine of sovereign immunity, however, does not apply to a municipality's performance of a "proprietary" rather than a "governmental" function. As a result, under the common-law, a municipality can be held liable in tort for injuries or damages resulting from the performance of a "proprietary function." *See Hodge v. Lower Colorado River Authority*, 163 S.W.2d 855, 856 (Tex.Civ.App.—Austin 1942, writ dism'd by agr.). Although storm sewers were formerly classified as a proprietary function under Texas common law, and therefore not protected by sovereign immunity, they are now statutorily classified as a governmental function. Tex. Civ. Prac. & Rem.Code Ann. § 101.0215 (Vernon Supp.1988); *Dalon v. City of DeSoto*, 852 S.W.2d 530, 537 (Tex. App.—Dallas 1992, writ denied). As a governmental function, drainage systems are protected by sovereign immunity unless, upon further analysis of the Act, immunity is found to have been waived. *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex. App.—Fort Worth 1991, no writ). A claim

must arise from one of the following exceptions for the City to waive its immunity in regards to storm drainage systems:

A governmental unit in the state is liable for:

(1) property damage, personal injury and death proximately caused by the wrongful act or omission of the negligence of any employee acting within the scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). To state a cause of action under the Act, the Davises' pleadings must allege facts showing that the governmental entity's negligence was the proximate cause of personal injury or death and that the negligent conduct involved the use or condition of tangible personal or real property. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex.1983); *Washington v. City of Houston*, 874 S.W.2d 791, 795 (Tex.App.—Texarkana 1994, no writ).

In their petition, the Davises alleged that the damage to their property was caused by the City's failure to inspect the drainage system and culverts, its failure to repair them, and its failure to maintain the support to his premises. The Davises' allegations satisfy the waiver of immunity provision in that they complained of the City's negligence in the manner in which it "used" the drainage system and culverts, as well as the "condition" of those objects. The City argued, however, that because the Davises failed to allege personal injury or death, which is the only type of damage allowed under subsection (2), they could not recover under this provision. We observe, though, that the Davises pled mental anguish dam-

ages in their petition. The question, then, is whether mental anguish caused by damage to one's property qualifies as "personal injury" under the Act. The Texas Supreme Court has specifically ruled to the contrary. In *City of Tyler v. Likes*, the Court held that "damages measured by diminution in value are an adequate and appropriate remedy for negligent harm to real or personal property, and that mental anguish based solely on negligent property damage is not compensable as a matter of law." *City of Tyler v. Likes*, 962 S.W.2d 489, 497 (Tex.1997). We hold that the trial court properly granted summary judgment for the City on this issue. Point of error three is overruled. Because we have held that the Davises' claims under the Act are barred by sovereign immunity, it is unnecessary for us to address points of error one, two, five, six, and seven.

In point of error four, the Davises allege that the trial court erred when it granted summary judgment for the City on the issue of an unconstitutional taking. In their Second Amended Petition, the Davises asserted that the destruction of their business premises constituted an uncompensated taking in violation of the Texas Constitution. A party must bring suit on a taking cause of action pursuant to Tex. Const. art. I, § 17, which provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made ..." Cities are not immune from actions brought under the Constitution, so we are not required to determine if sovereign immunity applies. *See State v. Biggar*, 848 S.W.2d 291, 294–95 (Tex.App.—Austin 1993), *aff'd*, 873 S.W.2d 11 (Tex.1994); *Bragg v. City of Dallas*, 605 S.W.2d 669, 671 (Tex.Civ.App.—Dallas 1980, no writ). The elements of a constitutional taking are: 1) the governmental unit intentionally performed certain acts; 2) the acts resulted in a taking or damaging of the property; and 3) the taking was for public use. *City of Abilene v. Smithwick*, 721 S.W.2d 949, 951 (Tex. Civ.App.—Eastland 1986, writ ref'd n.r.e.). The City offered no summary judgment evidence as to the issue of "public use," but we note that courts have found "public use" when private land was used for the diversion

of surface waters,[1] when plaintiffs' property was flooded as a result of a drainage project,[2] and when the overflow water from a dam used for water supply caused damage to land.[3] And the City does not question that the Davises suffered property damage. The definitive question, then, is whether the Davises' claim is barred as a matter of law because they pled that the City's actions in regards to the drainage system were negligent, rather than intentional, in order to bring them under the aegis of the Act. We note that the Davises pled the constitutional taking "in the alternative."[4] Specifically, they alleged that the conduct of the City described earlier in the petition "amount[ed] to a taking, damaging or destruction of Plaintiffs' property for public use without compensation prohibited by Art. I, § 17 of the Texas Constitution." They enumerated all of the elements of a taking except for intent. There is no doubt that the pleading was inartful in this regard. A special exception rather than a motion for summary judgment would have been the correct vehicle for calling this defect to the notice of the court, however. The City did file special exceptions, but failed to except to the complained-of allegations. In the absence of a special exception, the plaintiff's petition is liberally construed in favor of the pleading party. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). The court will look to the intention of the pleading party and uphold the petition even if some element of the plaintiff's cause of action has not been specifically alleged. *Gulf, Colorado & Santa Fe Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex.1963). Every fact that can reasonably be inferred from what has been specifically stated will be so inferred. *Roark*, 633 S.W.2d at 809. Moreover, in the absence of special exception, defects of form or of substance are waived. Tex.R. Civ. P. 90.

Although in its Motion for Summary Judgment the City argued that there was "evidence establishing no intent," after a thorough review of the record, we found none. The only evidence proffered by the City was an affidavit by Tom Thorsen, a building official for the City. In his affidavit, Thorsen simply stated the following:

> In connection with the enforcement of building codes and design of the sewer and drainage systems, Mr. Bob Follett, Public Works Director, and myself have carried out our duties in good faith and in conjunction with other city officials in determining how the needs of the citizens of Palestine could be best met in a prudent and efficient manner.

In no way does this statement rise to the level of a denial of intent on the part of the City. The City, therefore, failed to establish that no genuine issue of material fact existed as to at least one of the elements of a constitutional taking and that it was entitled to judgment as a matter of law.

The City, in its brief, asserts that the trial court properly granted judgment on the "takings" claim because it was barred by limitations. In examining its Motion for Summary Judgment, however, we do not find that the City articulated this basis for judgment. Granting a motion for summary judgment on grounds not addressed in the motion is reversible error. Tex.R. Civ. P. 166a(c); *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex. 1993). We therefore hold that the court erred in granting summary judgment for the City on the claim of a constitutional taking. Point of error four is sustained.

We *reverse* and *remand* the trial court's summary judgment for the City on the issue of an unconstitutional taking and *affirm* the trial court's judgment in all other respects.

---

1. *Soule v. Galveston County*, 246 S.W.2d 491 (Tex.Civ.App.—Galveston 1951, writ ref'd).

2. *City of Perryton v. Huston*, 454 S.W.2d 435 (Tex.Civ.App.—Eastland 1970, writ ref'd).

3. *City of Waco v. Rook*, 55 S.W.2d 649 (Tex.Civ. App.—Waco 1932, writ dism'd).

4. A plaintiff may set forth two or more statements of a claim alternatively or hypothetically. Tex.R. Civ. P. 48; *Marshall v. Garcia*, 514 S.W.2d 513, 517 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).