Edward A. and Norma KERR,
et al., Appellants,*

v.

**THE TEXAS DEPARTMENT
OF TRANSPORTATION,**
Appellee.

No. 01–00–01269–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 5, 2001.

Rehearing Overruled May 14, 2001.

* The full list of appellants appears in the    Court's judgment.

Russell H. McMains, Corpus Christi, for Appellant.

John B. Lay, Austin, for Appellee.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.[1]

## OPINION

NUCHIA, Justice.

This is an appeal of an order of the trial court granting The Texas Department of Transportation's ("TxDOT") plea to the jurisdiction and dismissing TxDOT from this lawsuit. We reverse and remand.

## BACKGROUND

Edward A. and Norma Kerr, along with approximately 360 other plaintiffs ("plaintiffs"), sued TxDOT, Harris County Flood Control District, Harris County, two municipal utility districts, seven real estate developers, and seven engineering companies, contending that their activities within the White Oak Bayou watershed since 1984 caused flooding of the watershed on or about September 10–11, 1998 and resulted in damages to their homes and properties. Plaintiffs specifically pleaded that TxDOT's construction of feeder lanes on Beltway 8 and reconstruction of portions of Highway 290 in the 1980s and 1990s increased stormwater runoff that "detrimentally impacted" plaintiffs, who were downstream of these activities. Plaintiffs pleaded, in the alternative, that the governmental defendants, including TxDOT, caused a non-negligent and unreasonable interference with the use and enjoyment of their property that resulted in nuisance damages.

TxDOT filed a plea to the jurisdiction, original answer, and special exceptions to plaintiffs' third amended petition. In its plea to the jurisdiction, TxDOT asserted

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

sovereign immunity from suit and liability and contended that its immunity had not been waived. TxDOT argued that, because plaintiffs did not allege a statutory waiver of sovereign immunity or legislative consent to file suit, the trial court did not have jurisdiction to grant relief against TxDOT and the suit against TxDOT should be dismissed.

Plaintiffs responded that they were suing TxDOT under two causes of action over which the trial court had jurisdiction: (1) a constitutional damaging or destroying under article I, section 17 of the Texas Constitution and (2) nuisance. The trial court granted TxDOT's plea to the jurisdiction, and plaintiffs appealed.

## DISCUSSION

### *Standard of Review*

■■■ A plea to the jurisdiction is appropriate whenever a governmental unit believes that the trial court lacks subject-matter jurisdiction. *See Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition.[2] *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *Id.* Whether a trial court has subject-matter jurisdiction is a question of law and is

reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

### *Plea to the Jurisdiction*

In their sole issue on appeal, plaintiffs contend the trial court has jurisdiction of this lawsuit against TxDOT under article I, section 17 of the Texas Constitution. Plaintiffs argue, in effect, that statutory waiver of sovereign immunity or legislative consent to file suit is not required because the Texas Constitution authorizes suits and recoveries against the sovereign for taking or damaging property or for interfering with private property interests.

■■■ Section 17 provides in pertinent part, "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person...." TEX. CONST. art. I, § 17. Under section 17, a landowner may recover for damages to his property even though there is no transfer of property rights. *State v. Biggar*, 848 S.W.2d 291, 295 (Tex. App.—Austin 1993, writ granted); *Steele v. City of Houston*, 603 S.W.2d 786, 790 (Tex. 1980). The constitution waives governmental immunity "for the taking, damaging or destruction of property for public use ." *Steele*, 603 S.W.2d at 791.

■■■ The elements of a constitutional taking are (1) the State intentionally performed certain acts in the exercise of its lawful authority (2) that resulted in a "taking" of property (3) for public use. *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731, 736 (1941); *City of Abilene v. Smithwick*, 721

2. We recognize that, when both a plea to the jurisdiction and a motion for summary judgment with attached summary judgment evidence have been filed, courts have held that a reviewing court may consider the pleadings and the evidence in determining jurisdiction.

*See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 551–53 (Tex.2000); *State v. Sledge*, 36 S.W.3d 152, 155 (Tex.App.—Houston [1st Dist.] 2000, no pet. hist.). However, this exception to the general rule does not apply in the present case.

S.W.2d 949, 951 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). Negligence that merely contributes to the damage to or destruction of property does not constitute a taking. *City of Tyler v. Likes,* 962 S.W.2d 489, 505 (Tex.1997). The plaintiff "must show intent to take, or at least the intent to do the act that caused the harm." *Green Int'l v. State,* 877 S.W.2d 428, 434 (Tex.App.—Austin 1994, writ dism'd).

▬▬▬▬▬ In its brief, TxDOT argues that plaintiffs must plead *and prove*[3] the essential elements of constitutional taking and that the elements of "intent," "authority," and "public use" are missing from plaintiffs' petition.

In their fifth amended petition, plaintiffs pleaded the following facts relating to TxDOT:

- TxDOT, by and through construction activities related to Beltway 8 and Highway 290, *undertook actions* that caused an increase in stormwater runoff.
- TxDOT, *in the exercise of its lawful authority,* constructed the feeder lanes associated with Beltway 8 from Highway 290 north to the Sam Houston Race Park.
- TxDOT reconstructed portions of Highway 290 between Beltway 8 and Telge Road.
- These construction activities occurred in the 1980s and 1990s.
- TxDOT, by its *intentional conduct* and *in the exercise of its lawful authority,* caused an invasion and/or interference with plaintiffs' property, and *these acts constitute a damaging and/or destroying* of plaintiffs' property *for application to public use* without adequate

compensation in violation of section 17 of article I of the Texas Constitution. It is clear that these allegations include the elements of "intent," "authority," and "public use."

TxDOT also contends that the element of intent is missing because that element is not directed to the action of the governmental entity, but to the damage to the property, citing *Likes,* 962 S.W.2d at 505 (city produced summary judgment proof of no intentional acts that created a taking), *Steele,* 603 S.W.2d at 792 (constitutional taking when police set fire to plaintiff's home to capture escaped convicts hiding in home), *City of Houston v. Renault, Inc.,* 431 S.W.2d 322, 325–26 (Tex.1968) (unintentional flooding of auto storage lot caused by city maintenance of road was not a constitutional taking), *State v. Sledge,* 36 S.W.3d 152, 155 (Tex.App.—Houston [1st Dist.] 2000, no pet. hist.) (no allegation that State intentionally committed act relating to property damage).

On the other hand, plaintiffs contend it is only the act causing the damage that must be intentional, citing *Likes,* 962 S.W.2d at 504–05 ("A person's property may be 'taken, damaged or destroyed' ... if an injury results from either the construction of public works or their subsequent maintenance and operation."), *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731, 736 (1941) (liability under section 17 of article I is not based on whether the taking or damaging of property was done negligently or intentionally, but whether "the State intentionally perform[ed] certain acts in the exercise of its lawful authority" that resulted in the taking or damaging of plaintiffs' property), and *Davis v. City of Palestine,* 988 S.W.2d 854, 858–59 (Tex.

---

**3.** For purposes of establishing the trial court's jurisdiction, it is necessary only *to plead* facts showing the elements of the cause of action. *Proof* of those elements is required to recover under a plaintiff's cause of action. *See City of Abilene v. Smithwick,* 721 S.W.2d 949, 951 (Tex.App.—Eastland 1986, writ ref'd n.r.e.).

App.—Tyler 1999, no pet.) (reversing summary judgment in City's favor, although plaintiff pleaded negligence rather than intent, because special exception was proper vehicle to challenge missing element of cause of action).

██ If, by their argument, plaintiffs mean that the State becomes liable for a constitutional taking whenever it intentionally performs some act that, through negligence, results in some harm to property, they are mistaken. Case law makes it clear that the State is not liable for damages caused by negligence. *See, e.g., Likes,* 962 S.W.2d at 504–05; *Steele,* 603 S.W.2d at 790; *Texas Highway Dept. v. Weber,* 147 Tex. 628, 219 S.W.2d 70, 71–72 (1949); *Hale,* 146 S.W.2d at 737; *Green Int'l,* 877 S.W.2d at 434; *Smithwick,* 721 S.W.2d at 951–52. However, the State may be liable if the damage is necessarily incident to or necessarily a consequential result of an authorized, intentional act. *See Weber,* 219 S.W.2d at 71. We construe plaintiffs' pleading of intentional conduct to include damage necessarily incident to or necessarily a consequential result of TxDOT's acts.[4]

Looking solely at the allegations in plaintiffs' petition, taking them as true, and construing them in the light most favorable to the pleader, we hold that plaintiffs' petition states a claim for a constitutional taking. We sustain plaintiffs' issue on appeal. Accordingly, we reverse the order of the trial court and remand.

---

4. TxDOT specially excepted to plaintiffs' failure to allege, in their third amended petition, that TxDOT's acts constituted an intentional taking or damaging of plaintiffs' property. The record on appeal does not contain a ruling on TxDOT's special exceptions or any special exceptions to plaintiffs' fifth amended petition, which was their live pleading at the time of the dismissal.