Affirmed; Opinion of July 3, 2002, Withdrawn and Substituted with
Opinion filed September 12, 2002









 

Affirmed; Opinion of
July 3, 2002, Withdrawn and Substituted with Opinion filed September 12, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00153-CV

____________

 

HARRIS COUNTY, Appellant

 

V.

 

PROGRESSIVE NATIONAL BANK, Appellee

 



 

On Appeal from the County Civil Court at
Law No. 4

Harris County, Texas

Trial Court Cause No. 741,505

 



 

S U B S T I T U T E D  
O P I N I O N

Our opinion of July 3, 2002, is withdrawn and substituted
with the following opinion.

This appeal arises from the seizure and sale by appellant
Harris County, Texas (“Harris County”), of an automobile on which Progressive
National Bank (“PNB”) held a lien.  In a
single point of error, Harris County contends the trial court erred in denying
its plea to the jurisdiction.  We affirm.








On January 22, 1999, PNB perfected its security interest in
an automobile owned by Wesley Dunning, a resident of Louisiana, by filing
notice of its lien with the relevant Louisiana state agency.  Thereafter, on August 8, 1999, Harris County
Sheriff’s deputies confiscated Mr. Dunning’s automobile.  At the time of its confiscation, the
automobile bore Louisiana tags and license plates.

As attempts to contact Mr. Dunning and any lienholders proved
unavailing, on October 13, 1999, the automobile was sold at auction by the
Harris County Sheriff’s Department for $630. 
On October 28, 1999, however, PNB notified Harris County that it had a
valid lien on the vehicle.  Harris County
responded that the vehicle had been sold, the purchaser, by statute, took free
and clear of all liens and claims of ownership, and that approximately $20
remained of the sale proceeds after expenses. 
PNB filed suit in an attempt to recoup the $4,931.11 remaining of its
lien, alleging that Harris County’s actions amounted to an unconstitutional
taking of its property rights in the vehicle. 
Harris County then filed a plea to the jurisdiction, asserting that
sovereign immunity barred PNB’s suit.   The trial court denied Harris County’s motion
without specifying the grounds therefor, and this appeal ensued.

A plea to the jurisdiction is the vehicle by which a party
contests the trial court’s authority to determine the subject matter of the
cause of action.  Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); TRST Corpus, Inc. v.
Financial Center, Inc., 9 S.W.3d 316, 320 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  It is a dilatory plea whose
purpose is to defeat the cause of action without defeating the merits of the
case.  Id.  The plaintiff bears the burden of alleging
facts that affirmatively show the trial court has subject matter
jurisdiction.  Id.  Because the question of subject matter
jurisdiction is a legal question, we review the trial court=s ruling on a plea to the
jurisdiction under a de novo standard of review.  Id.








When deciding a plea to the jurisdiction, the general rule is
the trial court must look  to the
allegations in the petition and must accept those allegations as true.  Id. 
The trial court does not look at the merits of the case.  Id. 
If the petition fails to allege jurisdictional facts, the plaintiff has
a right to amend before the trial court dismisses the cause.  Id. 
Dismissing a cause of action for lack of subject matter jurisdiction is
proper only when it is impossible for the plaintiff’s petition to confer
jurisdiction on the court.  Id.

In its sole point of error, Harris County contends the trial
court erred in denying its plea to the jurisdiction because sovereign immunity
barred PNB’s suit.  In its pleading,
Harris County alleged it was protected by sovereign immunity because (1) “[t]he
Sheriff’s Department did in good faith attempt to find the owner and any
lienholder for the automobile,” and (2) “the deputies did not intend to deprive
Progressive of the car.”  In its
appellate brief, Harris County has more specifically asserted that there was no
unconstitutional “taking” of property because (1) it was not required to notify
PNB of the sale under Section 683.012 of the Transportation Code,[1]
(2) property sold at a public auction cannot constitute a “taking” of the
property,[2]
and (3) it had no intent to intent to “take” PNB’s property.








Although Harris County’s pleading purports to be a “Plea to
the Jurisdiction,” it rests upon unresolved factual contentions that go
directly to the merits of PNB’s suit. 
The resolution of these factual issues must be reserved for a later
occasion.  The only issue to be decided
in this appeal relates solely to the question of jurisdiction.  Whether the Sheriff=s Department lacked “good faith” or “intended”
to take PNB’s property are issues relating to the merits of PNB’s cause of
action, not the trial court’s jurisdiction to decide the case.  While a court must hear and consider evidence
necessary to resolve jurisdictional issues raised in a plea to the
jurisdiction, it is not authorized to pursue the inquiry so far into the
substance of the claims presented that the plaintiff is required to put on its
case simply to establish jurisdiction.  Bland
Indep. Sch. Dist., 34 S.W.3d at 554. 
“Whether a determination of subject-matter jurisdiction can be made in a
preliminary hearing or should await a fuller development of the merits of the
case must be left largely to the trial court=s sound exercise of discretion.”  Id.   









The doctrine of sovereign immunity does not shield Harris
County from an action for compensation under the takings clauses of the Texas
or United States Constitutions.  General
Services Comm’n v. Little-Tex Insulation, 39 S.W.3d 591, 598 (Tex. 2001); Steele
v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980).  Moreover, to surmount Harris County’s plea to
the jurisdiction, PNB was required to allege in good faith only that  “(1) [Harris County] intentionally performed
certain acts, (2) that resulted in a ‘taking’ of property, (3) for public use.”  General Services Comm’n, 39 S.W.3d at
598 (citing Steele, 603 S.W.2d at 788B92). 
 In its Fourth Amended Petition,
PNB asserted that (1) Harris County intentionally sold Mr. Dunning’s
automobile, while disregarding its duty to notify PNB, (2) that the sale
resulted in a taking of PNB’s property, and (3) that such taking was for public
use.  Looking at the allegations in
plaintiff’s petition, taking them as true, and construing them in the light
most favorable to the pleader, we hold that plaintiff’s petition states a claim
for a constitutional taking.  Kerr v.
Texas Dept. of Transp., 45 S.W.3d 248, 252 (Tex. App.CHouston [1st Dist.] 2001, no
pet.).  Further, Harris County does not
contend the plaintiff’s petition has been made in bad faith.  Because the plaintiff’s petition is
sufficient to invoke the subject-matter jurisdiction of the trial court, Harris
County=s sole point of error is overruled.[3]

The judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and substituted Opinion filed September 12, 2002.

Panel consists of
Justices Hudson and Fowler, and Senior Chief Justice Murphy.*

Publish C Tex.
R. App. P. 47.3(b).











[1]  Although PNB
makes reference to the Transportation Code in the “background facts” of its
Fourth Amended Petition, PNB relies on Art. I, ' 17 of
the Texas Constitution, not the Transportation Code, in asserting that Harris
County had a duty to notify it of the pending sale.  See Steele v. City of Houston, 603
S.W.2d 786, 791 (Tex. 1980) (holding Constitution itself can provide
authorization for compensation for the taking, damaging, or destruction of
property for public use).  





[2]  Harris County
asserted in its plea to the jurisdiction that because it retained the twenty
dollars it received for the car at public auction (after deducting expenses) for
the benefit of the owner or lienholder, no “taking” of property occurred.  In its response, PNB claimed the “taking”
arose not from the sale itself, but from the lack of notice of the sale.  Whether Harris County intended to take PNB’s
property by not giving notice of the sale directly to PNB is, again, dependent
to some extent upon factual determinations. 






[3]  Because our
holding is limited solely to the issue of jurisdiction, we make no judgment
regarding the merits of PNB=s case nor should our opinion be construed as
foreclosing Harris County=s right to seek summary judgment.





*  Senior Chief
Justice Paul C. Murphy sitting by assignment.