ACCEPTED
13-15-00494-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/18/2015 1:31:02 PM
Dorian E. Ramirez
CLERK

**NO. 13-15-00494-CV**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

FILED IN
12th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/18/2015 1:31:02 PM
DORIAN E. RAMIREZ
Clerk

**THE STATE OF TEXAS,**
**APPELLANT,**

**v.**

**YS & LS & LS PARTNERSHIP, LTD., ET AL.,**
**APPELLEE**

_____

ON APPEAL FROM COUNTY COURT AT LAW 3

NUECES COUNTY, TEXAS

_____

**APPELLEE'S BRIEF**

_____

Mr. Forrest "Jerry" Dorsey
P.O. Box 30084
Corpus Christi, TX 78404

Christopher Dorsey
606 N. Carancahua, Suite 1001
Corpus Christi, TX 78401
Attorneys for YS & LS & LS Partnership,
Ltd.

1

# Table of Contents

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . 5

Analysis and Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
I.  Appelle Properly pleaded inverse condemnation . . . . . . . . . . . . . . . 7

II. *Westgate's* exception applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# Index of Authorities

**Cases**

*Barto Watson, Inc. v. City of Houston*, 998 S.W.2d 637, 640-641 (Tex. App.--Houston [1st Dist.] 1999, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Austin v. Teague*, 570 S.W.2d 389, 393-94 (Tex. 1978) . . . . . . . . . 10

*Davis v. City of Palestine*, 988 S.W.2d 854, 858-859 (Tex. App.--Tyler 1999, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*General Services v. Little-Tex. Insulation,* 39 S.W.3d 591, (Tex. 2001) . . 7

*Harris County Flood Control Dist. v. Adam*, 56 S.W.3d 665, 669-670 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd w.o.j.). . . . . . . . . . . . . . . . . 8

*Porretto v. Patterson*, 251 S.W.3d 701, 707-710 (Tex. App.--Houston [1st Dist.] 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*State v. Brownlow*, 319 S.W.3d 649, 652 (Tex. 2010) . . . . . . . . . . . . . . . 7

*State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) . . . . . . . . . . . . . . . . 7

*Tarrant Regional Water Dist. v. Gragg*, 151 S.W.3d 546, 551-554 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Texas S. Univ. v. Cape Conroe Property Owners Ass'n*, 245 S.W.3d 626, 630-632 (Tex. App.--Beaumont 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . 8

*Westgate, Ltd. v. State of Texas*, 843 S.W.2d 448 (Tex. 1992) . . . . . 6, 9, 10

## Summary of the Argument

Appellee properly pleaded intentional and bad faith acts by the State to affirm the trial court's denial of the plea to jurisdiction.  The State's primary case provides an exception for intentional and bad faith acts by the State instead of merely unreasonable acts.

## Issue Presented

1.    *Whether YS & LS & LS Partnership, Ltd.'s claims for damages and other relief in its Counterclaim are barred by Texas's sovereign immunity.*

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

_____

**THE STATE OF TEXAS,**
**APPELLANT,**

**v.**

**YS & LS & LS PARTNERSHIP, LTD., ET AL.,**
**APPELLEE**

_____

ON APPEAL FROM COUNTY COURT AT LAW 3

NUECES COUNTY, TEXAS

**TO THE HONORABLE COURT OF APPEALS:**

Appellee, YS & LS & LS Partnership, Ltd., submits this brief requesting that this Honorable Court affirm the trial court's denial of the State's plea to the jurisdiction.

**Statement of Facts**

The State filed its Original Petition for Condemnation on October 13, 2013 with the interested parties as YS & LS & LS Partnership, Ltd (Appellee), Compass Bank, and First Victoria National Bank. (Clerk's

Record, hereinafter "CR", at 5). The Special Commissioners appointed by the trial court held a hearing and awarded $150,000 in damages, compared to the State's last offer of $34,1000. (CR 77, 109). The State objected to the award. (CR 74-76).

In response, Appellee filed a Verified Original Answer, Plea in Abatement, and Counterclaim on July 17, 2014. (CR 77-84). Appellee alleges that the State's acts "constitute an intentional damaging or taking of the property . . .in that the State had actual knowledge of the damage or taking and that harm would be substantially certain to occur." (CR 81, Counterclaim).

In response, the State filed a plea to the jurisdiction (87-92) and an amended petition, the current live pleading for the State, removing Compass Bank from the Petition and attempting to substitute Prosperity Bank for First Victoria National Bank (CR 95-104). Prosperity Bank answered with a general denial and requested that Plaintiff "take nothing." (CR 106-108).

The State then filed a Supplement to its plea to the jurisdiction, alleging simply that Appellee's pleadings are "not recognized as recoverable under Texas law." (CR 113, citing *Westgate, Ltd. v. State of*

*Texas*, 843 SW2d 448, 454 (Tex. 1992)). The State based its plea to the jurisdiction on the pleadings only and did not attach any evidence to support its claim. (Id.). (See also CR 87-92, Plea to Jurisdiction). Appellee filed a response. (CR 116-121) and, after a non-evidentiary hearing, the trial court denied the State's motion on September 24, 2015. (CR 122).

## ANALYSIS AND ARGUMENT

## A. APPELLEE PROPERLY PLEADED INVERSE CONDEMNATION

Without offering any evidence and relying solely on the pleadings, the State claims the inverse condemnation or taking counterclaim is barred by sovereign immunity. (CR 87-92, 113). However, sovereign immunity from suit does not protect the State from a claim under the takings clause. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). S*ee also State v. Brownlow*, 319 S.W.3d 649, 652 (Tex. 2010).

A pleading asserting an unlawful taking of private property must allege that (1) the State intentionally performed certain acts (2) that resulted in a "taking" of property (3) for public use. *General Services v. Little-Tex. Insulation,* 39 S.W.3d 591, 598 (Tex. 2001). In a similar case, the trial court properly denied plea to jurisdiction because even if plaintiff alleged mere negligence rather than intent, that pleading failure could be corrected by amendment. *Harris County Flood Control Dist. v. Adam*, 56

S.W.3d 665, 669-670 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd w.o.j.). *See also Barto Watson, Inc. v. City of Houston*, 998 S.W.2d 637, 640-641 (Tex. App.--Houston [1st Dist.] 1999, pet. denied) (dismissal for lack of jurisdiction was error when failure to plead intent was curable by amendment); *Davis v. City of Palestine*, 988 S.W.2d 854, 858-859 (Tex. App.--Tyler 1999, no pet.) (summary judgment on inverse condemnation claim was improper even though plaintiff's pleadings were inartful and defective in pleading element of intent because city did not specially except and summary judgment proof did not negate city's intent).

Here, Appellee pleaded that (1) it is the owner of property in Nueces County; (2) the State's acts "constitute an intentional damaging or taking of the Property" and that the State had actual knowledge of the damage or taking and that the harm would be substantially certain to occur; and (3) "these acts by the State were intended for public use." (CR 80-81, Counterclaim for Inverse Condemnation).

These pleadings are sufficient to confer subject-matter jurisdiction on the trial court. Though a plaintiff must plead and ultimately prove the requisite governmental intent, an allegation of that intent is sufficient at the pleading stage to survive the government's plea to the jurisdiction. *Texas S. Univ. v. Cape Conroe Property Owners Ass'n*, 245 S.W.3d 626, 630-632 (Tex. App.--Beaumont 2007, no pet.) (allegations that defendant

8

"obstinately" refused to pay assessments on real property were sufficient to state takings claim). Allegation that government conveyed lease on land owned by plaintiff was allegation of intentional act and was sufficient to state takings claim, so trial court improperly granted plea to jurisdiction. *Porretto v. Patterson*, 251 S.W.3d 701, 707-710 (Tex. App.--Houston [1st Dist.] 2007, no pet.).

The requisite intent to take the property is present when a governmental entity knows that specific acts are causing identifiable harm, or knows that the harm is substantially certain to result from those acts. *Tarrant Regional Water Dist. v. Gragg*, 151 S.W.3d 546, 551-554 (Tex. 2004). Here, Appellee has properly pleaded the State knew the specific acts were causing identifiable harm or knew the harm is substantially certain to result from those acts. (CR 81).

## II. *WESTGATE'S* EXCEPTION APPLIES

In its pleadings and Brief, the State almost exclusively relies on a single case in support of its plea to the jurisdiction- *Westgate, Ltd. v. State of Texas*, 843 S.W.2d 448, 454 (Tex. 1992). The *Westgate* exception applies to the pleadings here.

The *Westgate* opinion provided an exception to the general rule when the government acts intentionally or in bad faith. The *Westgate* court stated, "Westgate's legal theory in the trial court and on appeal has been

that *the government acted unreasonably*, not that the government acted in bad faith in delaying the condemnation proceedings. The policy reasons that support our decision today might not be applicable where the condemning authority is accused of intentionally injuring a landowner. As the issue is not before us, however, we do not now address whether a landowner may state a cause of action for inverse condemnation where the condemning authority acts in bad faith to cause economic damage to the landowner." *Westgate*, 843 S.W.2d at 452 (emphasis added). In other words, Westgate argued negligence, not intentional acts by the government, as is the case here.

In the case at hand, Appellee has pleaded intentional acts by the State, not mere negligence or unreasonable delays. (CR 81). Accordingly, *Westgate* supports a finding against the State's plea to the jurisdiction based on the pleadings alone. Where courts have found direct governmental actions in which the governmental defendant had regulatory authority over the matter causing the plaintiff's harm, they have generally found a taking. *See, e.g., City of Austin v. Teague*, 570 S.W.2d 389, 393-94 (Tex. 1978). Those cases generally involve current, direct restrictions on the property and may be combined with facts tending to show bad faith. *See, e.g., Westgate*, 843 S.W.2d at 452, 454; *see also Teague*, 570 S.W.2d at 393.

Here, the State Department of Transportation had direct regulatory authority over the condemnation proceedings and, combined with its intentional acts, supports jurisdiction in this case.

## PRAYER

Appellee respectfully prays that the Honorable Court affirm the trial court's denial of the State's plea to the jurisdiction.

Respectfully submitted,

By: /s/ Jerry Dorsey

Mr. Forrest "Jerry" Dorsey
Attorney at Law
Texas Bar No. 0601600
P.O. Box 30084
Corpus Christi, TX 78404
Tel: (361) 882-6547
Fax: (361) 882-2769

Christopher Dorsey
Texas Bar No. 24036493
606 N. Carancahua, Suite 1001
Corpus Christi, TX 78401
Tel. (361) 882-9991
Fax. (866) 926-1982
Attorneys for YS & LS & LS Partnership, Ltd.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I certify this Appellee Brief contains 1,610 total words.  This is a computer-generated document created in Pages, using 14-point typeface for all text, except footnotes which are in 12-point typeface (if any).  In making this certificate of compliance, I am relying on the word count provided by the software "Pages" used to prepare the document.

*/s/ Christopher Dorsey*_____
CHRISTOPHER A. DORSEY

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on December 18, 2015.

/s/ Christopher Dorsey_____
CHRISTOPHER A. DORSEY